**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WRICE,<br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, et al.,<br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>14 C 5934<br>Honorable Judge<br>Elaine E. Bucklo |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, former Assistant State's Attorney Bertina Lampkin ("ASA Lampkin"), the Office of the Cook County State's Attorney, and Cook County by their attorney, Anita Alvarez, State's Attorney of Cook County, through Lisa M. Meador and Thomas E. Nowinski, Assistant State's Attorneys, hereby respectfully move to dismiss Plaintiff's Complaint pursuant to Rules 12 (b)(1) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

## INTRODUCTION

On August 4, 2014, Plaintiff filed a twelve-count Complaint against numerous Defendants. With regard to ASA Lampkin, Plaintiff attempts to allege seven causes of action for various violations of the United States Constitution and state law. Plaintiff also attempts to allege that the Cook County State's Attorney's Office and Cook County are liable for statutory and common law indemnification for the actions of ASA Lampkin. Plaintiff cannot sustain his claims against ASA Lampkin because various immunities prohibit his claims, the Complaint fails to state a cause of action upon which relief can be granted, and the statute of limitations bars his claims. As such, Plaintiff's Complaint is deficient and should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal* 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id*.

Our Supreme Court in *Iqbal* has set forth a two prong inquiry when reviewing 12(b)(6) dismissals. First, pleadings consisting of conclusory allegations are not accepted as true when reviewing the complaint's sufficiency. This includes conclusory statements "couched" as factual allegations, and recitations of the elements. Second, after excising the conclusory allegations from the complaint, any well-pled factual allegations are accepted as true and then the Court must determine whether the remaining well-pled facts "plausibly give rise to an entitlement of relief." *Id*. at 679.

In addition, "litigants may [also] plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), and a court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F. 2d 366, 368 (7th Cir. 1992).

Further, under 12(b)(1), a court must dismiss the case without ever reaching the merits if it concludes that it has no subject matter jurisdiction. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) *citing Shockley v. Jones,* 823 F.2d 1068, 1070 n.1 (7th Cir. 1987). This Court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

## ARGUMENT

### I. Plaintiff's Claims Against ASA Lampkin Are Barred By Absolute Prosecutorial Immunity

Plaintiff's claims against ASA Lampkin must be dismissed with prejudice because they all arise solely out of actions ASA Lampkin undertook as an Assistant State's Attorney during the course of the State's criminal prosecution of Plaintiff for a heinous rape. Based on the factual allegations set forth in Plaintiff's Complaint, once striped of the conclusory labels and contentions, it is clear that ASA Lampkin is entitled to absolute prosecutorial immunity from Plaintiff's claims under both federal and state law.

#### A. Plaintiff's §1983 claims are barred by absolute prosecutorial immunity

It is well settled that prosecutors are absolutely immune from §1983 suits for damages relating to their initiation and presentation of the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003). Additionally, absolute immunity protects ASA Lampkin because, under Illinois law, the State's Attorney "is vested with the exclusive discretion in the initiation and management of a criminal prosecution." *Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997)

As the Supreme Court explained in *Imbler*, absolute immunity extends to all prosecutorial actions which are "intimately associated with the judicial phase of the criminal process." 424 U.S. at 430. The *Imbler* court recognized that "the duties of a prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution," and "decisions on a wide variety of sensitive issues" including "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute . . ." *Id*. at 431 n.33. Furthermore, "[p]reparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence." *Id*. The court further found in *Imbler* that an out-of-court "effort to control the presentation of [a] witness' testimony" is entitled to absolute immunity and that absolute prosecutorial immunity extends to prosecutors' knowing use of false testimony and deliberate suppression of exculpatory evidence *Id*. at 430 n.32.

For purposes of absolute immunity, it is irrelevant whether the protected party acted negligently, with malice, or in bad faith. *Bradshaw v. DeGand*, 1992 U.S. Dist LEXIS 911, *4 (N.D. Ill. January 30, 1992) (Conlon, J.) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (absolute immunity for the judiciary precludes civil actions, even when a judge acts in bad faith)). When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that the conduct may have caused or the question of whether or not it was lawful. *Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Immunity is immunity from suit, not merely a defense to liability. See, e.g, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (discussing qualified immunity).

The Seventh Circuit recently analyzed a trial prosecutor's absolute immunity from suit. In *Fields v. Wharrie*, the court emphasized that "if in the course of a trial a prosecutor were to

urge one of his witnesses to lie, it would be arbitrary to describe this as an investigative act separate from prosecution; the prosecutor's conduct would have been 'intimately associated with the judicial phase of the criminal process,' and he would therefore be entitled to absolute immunity." *Fields v. Wharrie*, et al., 740 F.3d 1107, 1115 (7th Cir. 2014)

Plaintiff's concedes in his Complaint that ASA Lampkin was the lead prosecutor in Plaintiff's trial and that all of the alleged actions were taken as part of her preparation for trial or during the trial. (Complaint, ¶¶16, 41, 46, 95, 96, and 97) Even if all of Plaintiff's allegations are true, the allegations are the very scenario outlined in the *Fields* case above. To be sure, all of the alleged actions were intimately associated with the judicial phase of the criminal process. Accordingly, pursuant to *Imbler* and *Fields*, it is abundantly clear that ASA Lampkin is entitled to absolute immunity.

Further, Plaintiff's allegation that ASA Lampkin was part of a conspiracy against him (see Complaint, ¶¶ 101, 104, 110, 124, 135, 138, 143, and 148) does not defeat absolute immunity. See *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970) (finding that prosecutors did not lose their immunity by reason of alleged conspiracy). In *Imbler,* the plaintiff alleged a conspiracy among the prosecutor and police that caused him to be wrongfully charged and convicted through the knowing use of false testimony and the suppression of exculpatory evidence. 424 U.S. at 416. In affirming dismissal of plaintiff's complaint pursuant to Rule 12(b)(6), the Court found that, despite the nature of the plaintiff's "conspiracy" allegations, the prosecutor was absolutely immune because his activities were intimately associated with the judicial phase of the criminal process. *Id*. at 431. Therefore, ASA Lampkin is again entitled to absolute immunity and Plaintiff's Complaint against her must be dismissed with prejudice.

**B. Plaintiff's state law claims are barred by absolute prosecutorial immunity**

As Plaintiff's state law claims against ASA Lampkin are necessarily based on the same factual allegations as Plaintiff's federal claims, ASA Lampin is entitled to absolutely immune from Plaintiff's state claims as well. In discussing prosecutorial immunity, Illinois courts have mirrored the United States Supreme Court's pronouncement in *Imbler*. The Illinois Appellate Court reaffirmed the ongoing vitality of absolute prosecutorial immunity in the face of allegations of intentional misconduct by a State's Attorney in *White v. City of Chicago*, 369 Ill. App. 3d 765, 861 N.E.2d 1083 (1st Dist. 2006).

In *White*, the allegations of conduct against the state's attorney defendants were more egregious than those before this Court. There, the plaintiffs alleged that the State's Attorney's Office: (a) re-investigated the murder for which the plaintiffs were charged and determined they had no connection to the crime; (b) determined that another person had committed the murders; (c) determined that the main prosecution witness was untruthful; and (d) determined that the physical evidence did not support the charges. *White*, 369 Ill. App. 3d at 768. The plaintiffs in *White* further alleged that the State's Attorney's Office conducted a second investigation that supported the findings of the original investigation. *Id*. Despite actual knowledge of these facts, alleged plaintiffs, the State's Attorney's Office (including the State's Attorney and one of his assistants) suppressed the information and induced a prosecution witness to testify falsely before the grand jury by paying him $4,000. *Id*. While recognizing the severity of the allegations against the State's Attorney's Office defendants, the *White* court found that they were protected from suit on the grounds of absolute prosecutorial immunity. *White*, 369 Ill. App. 3d at 775, 776, 777.

As such, Plaintiff's state law claims against ASA Lampkin are also barred by absolute immunity. Additionally, as with Plaintiff's federal claims, the allegation that ASA Lampkin

acted as part of a conspiracy does not defeat the bar of absolute immunity under state law either. *White*, 369 Ill. App. 3d at 778 (noting that prosecutors are entitled to absolute immunity even when they are alleged to have been part of a conspiracy against a plaintiff).

## II. ASA Lampkin Is Entitled to Qualified Immunity

A number of Plaintiff's allegations fail to state any violation of his constitutional rights and, therefore, ASA Lampkin is entitled to qualified immunity from these claims, as more fully discussed below. The Supreme Court has set forth a two-part inquiry to determine whether a government official is entitled to qualified immunity: (1) whether the facts alleged set forth a violation of a constitutional right and (2) whether the right was clearly established at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Akande v. Grounds*, 555 F.3d 586, 589-590 (7th Cir. 2009). Courts have discretion to decide which prong should be addressed first "in light of the circumstances in the particular case." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

### A. Plaintiff has no cognizable federal malicious prosecution claim

Plaintiff's claim in Count I is essentially a claim for federal malicious prosecution, despite Plaintiff's attempt to couch it as some other cause of action. In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the arguments contained in Section I of City Defendants' Joint Motion to Dismiss in support of her motion to dismiss Plaintiff's claim. Moreover, as there is no clearly established right identified or recognized for federal malicious prosecution, ASA Lampkin is entitled to qualified immunity and Plaintiff's claim must be dismissed with prejudice.

### B. Plaintiff has no cognizable claim against ASA Lampkin for failure to intervene

In Count I of his Complaint, Plaintiff seemingly attempts to set forth a claim under §1983 for failure to intervene. Without reference to the specific conduct of any defendant, Plaintiff alleges generally that "the Defendants named above failed to intervene to stop Plaintiff's wrongful prosecution, conviction, and resulting imprisonment despite having the opportunity and duty to do so." (Complaint at ¶ 107) Any attempt by Plaintiff to impose direct or vicarious liability on ASA Lampkin for the alleged conduct of the police officer defendants fails as a matter of law.

As discussed above, ASA Lampkin is entitled to absolute immunity against Plaintiff's claims, including any claim for failure to intervene, because all of her alleged actions were undertaken pursuant to her prosecution of Plaintiff as the lead trial prosecutor. However, even if she was not entitled to absolute immunity, Plaintiff's failure to intervene claim still fails as no cognizable constitutional claim for failure to intervene in the conduct of third parties exists against the State's Attorney or her assistants. See *Gordon v. Devine*, 2008 U.S. Dist. LEXIS 81234, *56 (N.D. Ill. October 14, 2008) (Aspen, J.) (declining to expand the law to recognize a "failure to intervene" claim against an assistant state's attorney and dismissing claim pursuant to Fed. R. Civ. P. 12(b)(6)); *Andrews v. Burge*, 660 F. Supp. 2d 868, 876 n. 6 (N.D. Ill. 2009) (following *Gordon* and dismissing failure to intervene claim against the State's Attorney pursuant to Fed. R. Civ. P. 12(b)(6)): *Hobbs v. Cappelluti*, 2012 U.S. Dist. LEXIS 139895 **83-84 (N.D. Ill. September 28, 2012) (Lefkow, J.) (following *Gordon* and *Andrews* and dismissing a claim for failure to intervene against defendant prosecutors). The Seventh Circuit "has recognized in the past that 'police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but

fail to do so' may be held liable[,]" in "what has become known as a 'failure to intervene' basis for a constitutional violation under the Eighth Amendment . . . ." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). See *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). The elements of such a claim were set forth in *Yang v. Hardin*:

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under §1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

37 F.3d 282, 285 (7th Cir. 1994), citing *Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994) and *Byrd*. This duty cannot be extended to impose vicarious liability on ASA Lampkin for the alleged conduct of police officers in connection with the interrogation of Plaintiff.

The Cook County State's Attorney's Office and Chicago Police Department are separate entities, with separate command authority. The Cook County State's Attorney is an independently elected State constitutional officer. See Ill. Const. (1970), art. VI, § 19. The Seventh Circuit explained, in *Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000), "the police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority over the Chicago Police Department." As the court stated in *Andrews*, "In Illinois (and in every state of which I am aware) a prosecutor does not have police powers, nor do prosecutors have command of police operations, though at times courts act as if they do." 660 F. Supp. 2d at 876 n. 6. Besides the obvious imprudence of requiring a prosecutor to physically intervene in police activity of any sort, no duty or authority exists that would allow, much less require, a prosecutor to physically, or otherwise affirmatively intervene in any police activity or perceived misconduct.

Imposing an affirmative duty would encroach on the absolute immunity afforded a prosecutor for the initiation and management of a criminal prosecution, discussed above. Under a failure to intervene theory, Plaintiff and others would thus be able to evade the immunity afforded prosecutors for the initiation or maintenance of a prosecution, which applies even though the prosecutor is alleged to have acted in the furtherance of a conspiracy, by making a prosecutor liable for underlying misconduct of others leading to the initiation of a prosecution. No authority supports such an evisceration of absolute immunity. Consequently, Plaintiff cannot establish personal participation in the alleged violation of Plaintiffs' constitutional rights on the part of ASA Lampkin by imposing a duty to intervene in the conduct of other defendants. Even if ASA Lampkin stood by without intervening to prevent a violation of Plaintiff's rights and she was not absolutely immune for doing so, ASA Lampkin would be entitled to qualified immunity as there is no clearly established constitutional right to have an assistant state's attorney intervene in the conduct of other defendants. Therefore, Plaintiff's claim must be dismissed.

## III. Counts II and VII Must Be Dismissed Because They Are Time-Barred

In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the arguments contained in Section II of City Defendants' Motion to Dismiss in support of her motion to dismiss Plaintiff's claim.

## IV. Count VIII Must Be Dismissed

Plaintiff purports to bring a claim of Malicious Prosecution in Count VIII. In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the arguments contained in Section V of City Defendants' Motion to Dismiss in support of her motion to dismiss Plaintiff's claim.

## V. Count IX Must Be Dismissed

Plaintiff alleges a claim of Intentional Infliction of Emotional Distress in Count IX. In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the arguments contained in Section VI of City Defendants' Motion to Dismiss in support of her motion to dismiss Plaintiff's claim.

## VI. Counts V and X Must Be Dismissed

Plaintiff purports to bring a claim of a conspiracy violation in Counts V and X. In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the arguments contained in Section VII of City Defendants' Motion to Dismiss in support of her motion to dismiss Plaintiff's claim.

## VII. Sovereign Immunity Bars Plaintiff's State Law Claims

In addition to the discussion above, ASA Lampkin is immune from Plaintiff's state law claims because of the doctrine of sovereign immunity. State's attorneys are independently elected state, not county, officials. *See Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003), relying on *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269 (Ill. 1990). Likewise, all assistant state's attorneys are state officials. *McGrath v. Gillis*, 44 F.3d 567 (7th Cir. 1995). The County is not the employer of the State's Attorney or her Assistant State's Attorneys. *See Biggerstaff v. Moran*, 284 Ill. App. 3d 196 (1st Dist. 1996).

The Court of Claims has exclusive jurisdiction over all claims against the State of Illinois for tort damages. 705 ILCS 505/8(d) (2014); *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *White v. City of Chicago*, 369 Ill. App. 3d 765, 779 (1st Dist. 2007) (holding that the Illinois Court of Claims had exclusive subject matter jurisdiction over state law tort claims against the State's Attorney and an Assistant State's Attorney). Whether an action is against the

State hinges on the issues involved and the relief sought. *Jinkins v. Lee*, 209 Ill. 2d 320, 330 (2004).

The Seventh Circuit has recognized that:

> An agent's conduct will be attributed to the state for purposes of sovereign immunity if: "(1) [there are] no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3)…the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State."

*Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) *citing Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240, 1247 (1990).

In this case, Plaintiff's claims against ASA Lampkin are related to actions that fall squarely within her duties as a state actor. Certainly, the decisions and actions taken during the prosecution of a case falls clearly (and exclusively) within the duty of the State's Attorney. Accordingly, Plaintiff's state law claims are barred by sovereign immunity and must be dismissed with prejudice for lack of subject matter jurisdiction.

**VIII. Count XII Must Be Dismissed**

In Count XII, Plaintiff appears to allege a substantive cause of action against Cook County and the Cook County State's Attorney's Office. Any such claims must fail as a matter of law and must be dismissed. As discussed above, State's Attorneys are "state, rather than county, officials." *Ingemunson v. Hedges*, 133 Ill. 2d 364, 549 N.E.2d 1269, 1272, (Ill. 1990). Accordingly, any claims against Cook County fail as a matter of law.

Further, it is noted that Count XII seeks judgment against the Cook County State's Attorney's Office. However, the Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies. *Hernandez v. Joliet Police*

*Department,* et al. 197 F.3d 256, 265 (7th Cir. 1999) citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). In *Hernandez*, the Seventh Circuit again noted that the Illinois Supreme Court has held that state's attorneys are state officials. *Id*., citing *Ingemunson v. Hedges*, 133 Ill. 2d 364, 549 N.E.2d 1269, 1272 (Ill. 1990). Accordingly, the State's Attorney's Office must be dismissed.

## **CONCLUSION**

WHEREFORE**,** former Assistant State's Attorney Lampkin, the Cook County State's Attorney's Office, and Cook County move this Court to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12 (b)(1) and Rule 12 (b)(6) and decline to exercise supplemental jurisdiction over any remaining state law claims.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: ___*/s/Thomas E. Nowinski*______

Lisa M. Meador
Thomas E. Nowinski
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
312-603-4327