**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| Plaintiff, | ) | |
| | ) | 14 C 5934 |
| vs. | ) | Honorable Judge |
| | ) | Elaine E. Bucklo |
| CITY OF CHICAGO, et al., | ) | |
| Defendant(s). | ) | |

**REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, former Assistant State's Attorney Bertina Lampkin ("ASA Lampkin"), the Office of the Cook County State's Attorney, and Cook County by their attorney, Anita Alvarez, State's Attorney of Cook County, through Lisa M. Meador and Thomas E. Nowinski, Assistant State's Attorneys, hereby submit their Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint as follows:

## INTRODUCTION

On November 21, 2014, Defendants ASA Lampkin, the Office of the Cook County State's Attorney, and Cook County filed a Motion to Dismiss Plaintiff's Complaint. On December 15, 2014, Plaintiff filed Plaintiff's Response to Cook County's Motion to Dismiss ("Plaintiff's Response"). Plaintiff's arguments in opposition to dismissal rest solely on the unsupported and misguided legal conclusion that ASA Lampkin was acting as an "investigator" when she "stepped outside her role as lead prosecutor and engaged in investigatory conduct." However, Plaintiff's Response cannot remedy the fatal flaws of his Complaint, namely, that his bare allegations fail to sufficiently plead a cause of action and he specifically pleads that ASA Lampkin's conduct was undertaken as part of her preparation for, and conduction of, Plaintiff's criminal trial. Plaintiff cannot sustain his claims against ASA Lampkin, the Office of the Cook County State's Attorney, or

Cook County because various immunities prohibit his claims, the Complaint fails to state a cause of action upon which relief can be granted, and the statute of limitations bars his claims. As such, Plaintiff's Complaint is deficient and should be dismissed.

## I. Plaintiff's claims against ASA Lampkin are barred by absolute prosecutorial immunity.

Plaintiff argues that ASA Lampkin is not entitled to absolute immunity for his claims against her because she was the "fabricator of evidence against Plaintiff and also one of his prosecutors who used the evidence against him at trial." (Response, ¶19) In support of his argument, Plaintiff relies almost exclusively on *Fields v. Wharrie ("Fields II")*, 740 F.3d 1107 (7th Cir. 2014) However, Plaintiff misreads and misapplies *Fields II* as well as the law governing absolute immunity afforded to trial prosecutors advocating on behalf of the State. Moreover, Plaintiff fails to address the fact that a trial prosecutor, even one who fabricates or coerces evidence including testimony, is absolutely immune from suit. *Fields II*, 740 F.3d at 1115. Once prosecution begins, bifurcating a prosecutor's role between investigation and prosecution is no longer feasible. *Id.*

In *Fields II*, the Seventh Circuit again analyzed the absolute immunity of a trial prosecutor. In that case, the Court reversed and remanded the district court's ruling reinstating claims against the trial attorney for allegedly procuring false testimony in preparation for the plaintiff's retrial of criminal charges. *Id.* at 1115-1116. In so holding, the Court noted that "[i]f in the course of a trial a prosecutor were to urge one of his witnesses to lie, it would be arbitrary to describe this as an investigative act separate from prosecution; the prosecutor's conduct would have been 'intimately associated with the judicial phase of the criminal process,' and he would therefore be entitled to absolute immunity." *Id.* at 1115. To be sure, Plaintiff's Response, as well as his Complaint, routinely acknowledge that ASA Lampkin was the lead prosecutor and all of

her actions were taken after charges had been filed against Plaintiff and as part of her trial preparation. (Response, ¶¶ 1,2,3,12) Accordingly, Plaintiff's own admissions as to ASA Lampkin's role clearly demonstrate that she is entitled to absolute immunity.

In a futile attempt to overcome the hurdle of absolute immunity, Plaintiff responds that ASA Lampkin stepped outside her role as "lead prosecutor." (Response, ¶16) However, this bare conclusion is not only unsupported by factual allegations, but is actually belied by Plaintiff's own allegations. In his response, Plaintiff cites to five allegations from four paragraphs in his Complaint (¶¶42,46,96,97) as supposed support for his claim that ASA Lampkin was not operating as a prosecutor. (Response, ¶¶16,17) Plaintiff asserts nothing more than the claim that ASA Lampkin presented two witnesses at trial whom she allegedly coerced into providing false testimony against Plaintiff. Even if those allegations are accepted as true, those are the very actions that the United States Supreme Court, the Seventh Circuit, and district courts in this district have found to be covered by absolute immunity.

Contrary to Plaintiff's Response, ASA Lampkin does claim that Illinois provides absolute immunity to prosecutors. *See Defendants' Motion to Dismiss*, p. 6. As noted by Defendants, the Illinois Appellate Court reaffirmed the ongoing vitality of absolute prosecutorial immunity in the face of allegations of intentional misconduct by a state's attorney in *White v. City of Chicago*, 369 Ill. App. 3d 765 (1st Dist. 2006). To be sure, the Seventh Circuit acknowledged and applied absolute immunity to claims under Illinois state law in *Fields II*. *Fields II*, at 1115-1116. As a result, ASA Lampkin is entitled to the same immunity for Plaintiff's state law claims.

**II. Plaintiff has no cognizable federal malicious prosecution claim.**

In the interest of brevity and in order to avoid duplicative briefing, ASA Lampkin adopts the argument contained in Section I of the City Defendants' Reply Memorandum in Further

Support of Their Motion to Dismiss that there is no recognized claim for federal malicious prosecution and that Count I should be dismissed. Moreover, even if there was a federal right to be free from malicious prosecution, that right is not clearly established and ASA Lampkin is entitled to qualified immunity.

**III. Plaintiff has no cognizable claim against ASA Lampkin for failure to intervene.**

In a footnote on page 9 of Plaintiff's Response, Plaintiff states that he is not advancing a "failure to intervene" claim against ASA Lampkin. Accordingly, to the extent that the Complaint does sound as a failure to intervene claim, such as claim must be dismissed

**IV. Counts II, III, and VII Are voluntarily withdrawn.**

Plaintiff voluntarily withdrew Counts II, III, and VII, and therefore those counts should be dismissed.

**V. Count VIII must be dismissed.**

In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the argument contained in Section IV of the City Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss in support of her Motion that the state law Malicious Prosecution claim must be dismissed.

**VI. Count IX must be dismissed.**

In the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the argument contained in Section V of the City Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss in support of her Motion that the state law Intentional Infliction of Emotional Distress claim must be dismissed.

**VII. Counts V and X must be dismissed.**

Count V and Count X cannot survive the Motion to Dismiss because they are based on claims that are subject to dismissal for failure to state a claim or are otherwise time-barred as discussed by ASA Lampkin as well as the City Defendants in their respective motions to dismiss. Additionally, in the interest of brevity and in order to avoid unnecessary duplicative briefing, ASA Lampkin adopts the argument contained in Section VI of the City Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss in support of her Motion that the conspiracy claims in Counts V and X must be dismissed.

**VIII. Plaintiff's state law claims against ASA Lampkin are barred by sovereign immunity or are otherwise legally deficient.**

As noted in the Motion to Dismiss, the Seventh Circuit has recognized that:

> An agent's conduct will be attributed to the state for purposes of sovereign immunity if: "(1) [there are] no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3)…the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State."

*Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) *citing Healy v. Vaupel*, 133 Ill. 2d 295, 549 N.E.2d 1240, 1247 (1990). Plaintiff's claims against ASA Lampkin are related to actions that fall squarely within her duties as a state actor, namely an assistant state's attorney. Certainly, the presentation of evidence at trial falls clearly (and exclusively) within the duty of the State's Attorney. Accordingly, Plaintiff's state law claims are barred by sovereign immunity and must be dismissed with prejudice for lack of subject matter jurisdiction.

**IX. Count XII must be dismissed**

Contrary to Plaintiff's Response, Count XII of his Complaint appears to allege a substantive cause of action against Cook County and the Cook County State's Attorney's Office,

rather than simply a claim of indemnification. Any substantive claims must fail as a matter of law and must be dismissed. As discussed above, State's Attorneys are "state, rather than county, officials." *Ingemunson v. Hedges,* 133 Ill. 2d 364, 549 N.E.2d 1269, 1272, (Ill. 1990). Accordingly, any claims against Cook County fail as a matter of law.

Further, it is noted that Count XII seeks judgment against the Cook County State's Attorney's Office. However, the Eleventh Amendment prohibits courts from deciding suits brought by private litigants against states or their agencies. *Hernandez v. Joliet Police Department,* et al. 197 F.3d 256, 265 (7th Cir. 1999) citing *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). In *Hernandez,* the Seventh Circuit again noted that the Illinois Supreme Court has held that state's attorneys are state officials. *Id*., citing *Ingemunson v. Hedges*, 133 Ill. 2d 364, 549 N.E.2d 1269, 1272 (Ill. 1990). Accordingly, the State's Attorney's Office must be dismissed.

**CONCLUSION**

WHEREFORE**,** ASA Lampkin, the Office of the Cook County State's Attorney, and Cook County move this Court to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12 (b)(1) and Rule 12 (b)(6) and decline to exercise supplemental jurisdiction over any remaining state law claims.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: *s/Thomas E. Nowinski*
Lisa M. Meador
Thomas E. Nowinski
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4327