```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| STANLEY WRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 14 C 5934 |
| | ) |
| JON BURGE, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before me is the City of Chicago's ("the City's") motion to bifurcate and stay discovery relating to plaintiff Stanley Wrice's ("Wrice's") claims under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). For the reasons below, I grant the motion.

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues ... [or] claims." Fed. R. Civ. P. 42(b). "If one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007).

In this case, bifurcation will promote economy and convenience. If Wrice's § 1983 claims against the individual officers fail, litigation of the *Monell* claim will very likely be unnecessary. Wrice contends that litigation of his *Monell* claim may be necessary even if the individual officers are not found liable. He cites *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2010), which held that a "municipality can be held liable under *Monell* even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Id*. at 305. But Wrice fails to explain how a jury could consistently find the City liable in this case without finding the individual officers liable. *Thomas* involved the death of a detainee in Cook County Jail who was denied medical care. The plaintiff's § 1983 claims against the individual defendants alleged that they were deliberately indifferent to the detainee's medical condition, while her *Monell* claims were based on the County's inadequate staffing and lack of procedures for promptly reviewing detainees' medical requests. The court held that there was no inconsistency between the jury's verdict in the plaintiff's favor on the *Monell* claim and its verdict against her on her claims against the individual defendants since the jury could have concluded that the individual defendants were not deliberately indifferent to the detainee's condition but failed to respond only because of

2

breakdowns in the County's policies for processing medical requests. *Id*. at 305.

Here, Wrice's § 1983 claims allege that the individual defendants violated his constitutional rights by coercing his and others' confessions and suppressing evidence of their use of such tactics. In several recent cases involving similar allegations, courts in this district have rejected the contention that *Monell* liability can be established without a finding that individual defendants violated the plaintiff's constitutional rights. *See, e.g.*, *Andersen v. City of Chicago*, No. 16 C 1963, 2016 WL 7240765, at *1 (N.D. Ill. Dec. 14, 2016) ("Even if the City had a policy or practice of permitting its officers[] to coerce false confessions through force, the harm caused by the policy could only manifest itself through the officers' actions."); *Harris v. City of Chicago*, No. 14-CV-4391, 2016 WL 3261522, at *2-*3 (N.D. Ill. June 14, 2016 ("The nature of the alleged constitutional violations, fabricating a confession and coercing Plaintiff into making that confession, depends on the individual officers' actions."); *see also Veal v. Kachiroubas*, No. 12 C 8342, 2014 WL 321708, at *4 (N.D. Ill. Jan. 29, 2014); *Taylor v. Kachiroubas*, No. 12 C 8321, 2013 WL 6050492, at *4 (N.D. Ill. Nov. 15, 2013).

Wrice nevertheless claims that there are "a couple of scenarios where a verdict in favor of the defendant officers

3

would not be inconsistent with a liability finding against the City." Pl.'s Resp. Br. at 11. He suggests, for example, that the officer defendants could claim that another (now-deceased) officer was responsible for torturing Wrice. Speculation of this kind is insufficient to defeat a motion for bifurcation. *See, e.g.*, *Andersen*, 2016 WL 7240765, at *4; *Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 970 (N.D. Ill. 2015).

It is true that if the individual defendants were found to have violated Wrice's constitutional rights but were not found liable based on qualified immunity, it might be possible for Wrice to prevail on his *Monell* claim without prevailing on his claims against the individual officers. Anticipating this, however, the City has submitted a "Limited Consent to Entry of Judgment Against Defendant City of Chicago." The Limited Consent provides that the City will agree to entry of judgment against it if an individual officer is found to have violated Wrice's constitutional rights, even if the officer is found not liable based on qualified immunity. The Limited Consent also provides for compensatory damages and attorneys' fees. In light of the proposed stipulation, the possibility of qualified immunity does not weigh against bifurcation. *See, e.g.*, *Elrod v. City of Chicago*, No. 06 C 2505, 2007 WL 3241352, at *4 (N.D. Ill. Nov. 1, 2007) (collecting cases in which the "City's submission of

4

similar stipulations has been cited as justifying bifurcation orders").

In short, given that litigation of the *Monell* claim may ultimately prove unnecessary, bifurcation supports economy and convenience. *See, e.g.*, *Horton v. City of Chicago*, No. 13-CV-6865, 2016 WL 316878, at *3 (N.D. Ill. Jan. 26, 2016) ("As courts in this Circuit have recognized, the bifurcation of *Monell* claims is generally likely to bring about an earlier disposition of the suit because bifurcation allows a bypass of discovery relating to the *Monell* claim, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process.") (quotation marks omitted).

The question of prejudice is a closer one but ultimately weighs in favor of bifurcation. The City argues that bifurcation will protect the individual defendants from the potential prejudice resulting from the presentation of evidence regarding alleged municipal policies or practices. Many courts in this district have granted motions to bifurcate based on similar considerations. *See, e.g.*, *Harris v. City of Chicago*, No. 14-CV-4391, 2016 WL 3261522, at *3 (N.D. Ill. June 14, 2016) ("There is a clear danger of prejudice to the individual defendants from the finder of fact hearing evidence on several instances of alleged misconduct that those defendants were not involved

5

in."); *Claxton v. City of Chicago Illinois*, No. 14 C 10076, 2015 WL 5304630, at *2 (N.D. Ill. Sept. 9, 2015); *Veal*, 2014 WL 321708, at *6 (N.D. Ill. Jan. 29, 2014) ("Presenting evidence to the jury regarding a village-wide policy, practice or custom involving multiple improper police actions poses a danger of undue prejudice to the defendant officers by creating the perception that the police department routinely acts improperly, even if the officers acted properly in this case;"). While the problem of prejudice can be addressed to some extent through cautionary warnings and limiting instructions, bifurcation is likely to be more effective. *See, e.g.*, *Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 971 (N.D. Ill. 2015) ("While the Court does have some ability to monitor and control prejudice through limiting instructions and rulings on motions in limine, the Court does recognize the potential prejudice to the individual Defendants.").

For these reasons, the City's motion to bifurcate and stay plaintiff's *Monell* claims is granted.

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 9, 2017

6