IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 5934 |
| | ) | |
| vs. | ) | The Honorable Elaine Bucklo |
| | ) | |
| JON BURGE, et al. | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' STATUS REPORT AND
RESPONSE REGARDING PLAINTIFF'S MOTION TO COMPEL**

On August 8, 2017, Plaintiff filed a motion to compel discovery answers to supplemental interrogatories and requests for production served on the Individual Defendants' attorneys Bisbee and Bitoy. Following an August 15, 2017 hearing on Plaintiff's motion, the Individual Defendants answered the supplemental discovery requests. (Group Exhibit A, Answers to Interrogatories, RFP and Privilege Log.) After a local Rule 37.2 conference on August 22, 2017, only photos of one page of attorney Bisbee's notes are at issue. The Individual Defendants offered to make the notes available for Judge Finnegan's *in camera* review. Plaintiff did not agree.

The Individual Defendants maintain that the notes are privileged work product as they contain the mental impressions of Attorney Bisbee during a conversation she had with witness Rodney Benson. Indeed, "work product immunity [protects] 'oral statements made by witnesses to attorneys whether presently in the form of mental impressions or memoranda.'" *See Jackson v. City of Chicago*, No. 03-8289, 2006 U.S. Dist. LEXIS 56675, at *14 (N.D. Ill. Jul. 1, 2006) (*internal citations omitted*). An attorney's notes are traditional "opinion" work-product comprised of "mental impressions, conclusions, opinions, or legal theories of an attorney or a

party's representative." *Id*. at *15 (*citing United States ex rel. Yannacopoulos v. General Dynamics*, 231 F.R.D. 378, 385 (N.D. Ill. 2005)). Unlike "fact" work-product, where a party must show a substantial need for the work product and an undue hardship of obtaining the material in another manner, a party seeking opinion work-product must make a stronger showing to compel its disclosure. *Id*. at *15-16.

Here, Bisbee's work-product contained in the notes may reflect certain questions she asked as well as other notes that ultimately influenced how she conducted Benson's deposition, *i.e.*, opinion work-product. Further, just as the Individual Defendants argued in their motion to quash Bisbee and Bitoy's deposition (Dkt. # 205), Plaintiff has made no showing of any need for the sought work-product. Further, any "need" the Plaintiff may have had was offset by Plaintiff's ability to depose Mr. Benson on the conversation in question. (Exhibit B, Benson Deposition, pp. 105-142).

Accordingly, the Individual Defendants respectfully request this Honorable Court make a finding that Bisbee's notes regarding a conversation she had with witness Benson are protected work-product, and deny Plaintiff's motion.

Respectfully submitted,

/s/ *Matthew Hurd*
One of the Attorneys for Defendants John Byrne, Jon Burge, and Peter Dignan

Andrew M. Hale
Amy Hijjawi
Matthew Hurd
Julie K. Bisbee
Jennifer Bitoy
HALE LAW, LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL  60604
(312) 341-9646

## **CERTIFICATE OF SERVICE**

    I, Matthew Hurd, an attorney, hereby certify that on August 22, 2017, I electronically filed the above response with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

                                                                     /s/ *Matthew Hurd*