# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY WRICE, ) | |
| ) | |
| Plaintiff, ) | Case No. 14 CV 5934 |
| ) | |
| -vs- ) | The Hon. Elaine E. Bucklo |
| ) | |
| JON BURGE, *et al.*, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION IN LIMINE NO. 6 TO BAR REFERENCE TO THE ILLINOIS CERTIFICATE OF INNOCENCE FINDINGS OF JUDGE BYRNE

Plaintiff, STANLEY WRICE, by his attorneys, respectfully requests that this Court bar the Defendants from making any reference to the certificate of innocence proceedings which Plaintiff pursued in the Circuit Court of Cook County, and bar any reference to the findings made by Judge Thomas Byrne on October 16, 2014, in that matter. In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

Plaintiff was convicted of the sexual assault of Karen Byron in 1983 and was sentenced to 100 years imprisonment. On December 10, 2013, Judge Richard Walsh granted Plaintiff's post-conviction petition, and reversed his convictions, finding that Plaintiff's confession, and the testimony of Bobby Joe Williams, were the product of police torture at the hands of Defendants Byrne and Dignan. *See Exh. 1 (Judge Walsh Findings)* Plaintiff demanded trial, and on December 12, 2013, the State dismissed all charges against Plaintiff.

One of the issues for the jury to decide in this case is not only whether Defendants Byrne and Dignan beat and physically coerced Plaintiff into confessing to the Byron assault, but also whether Plaintiff's confession was false and manufactured by Defendants in an effort to

wrongfully convict him, resulting in his 31-year wrongful imprisonment. Further, the jury will be asked whether Bobby Joe Williams' statements implicating Plaintiff in the Byron assault were false and a result of physical coercion by Defendants. Seemingly for this reason, Defendants intend on admitting as substantive evidence Judge Byrne's order denying Plaintiff's Certificate of Innocence ("COI"). *See Exh. 2 (Judge Byrne's Findings)*

On May 15, 2014, Plaintiff filed in the Circuit Court of Cook County petition for a COI under 735 ILCS 5/2-702. Following the filing of Plaintiff's and the State's pleadings, Judge Byrne, on October 16, 2014, issued a decision finding that Plaintiff had failed to meet his burden under the statute to establish his factual innocence and denied his petition for a COI. *See Exh. 2.* But Judge Byrne's judicial findings and determinations should be excluded in Plaintiff's civil trial because they are not relevant or reliable, they constitute inadmissible hearsay, and are unfairly prejudicial.

**ARGUMENT**

**A.     Judge Byrne's Findings Have No Bearing on Whether Plaintiff Was Exonerated.**

Plaintiff's claim is that he was wrongly convicted of the Byron assault, and that his conviction was caused by the violation of his constitutional rights by Defendants. In order to maintain such a claim he must first establish that the underlying conviction has been vacated, since "a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Sec. 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff's convictions were reversed by Cook County Circuit Court Judge Walsh, and the State declined to re-prosecute. Thus, Plaintiff's convictions were vacated and his "presumption of innocence was

restored." *Nelson v. Colorado*, 137 S. Ct. 1249, 1255-56 (2017) (finding that when a defendant's convictions are reversed and he is not retried for those offenses he is "entitled to be presumed innocent" of the crimes). The COI findings by Judge Byrne have no impact on the question of whether Plaintiff's conviction was rightfully vacated, nor could Judge Byrne's findings bear on whether Plaintiff is "innocent" of the Byron assault since Byrne was not tasked with making such a finding. Indeed, Plaintiff's failure to meet his burden under the statute does not mean that Plaintiff is not innocent or that he was not wrongfully convicted. In any event, the presumption of innocence was restored to Plaintiff the instant the State choose not to prosecute Plaintiff for these crimes. *See Nelson*, 137 S. Ct. at 1255 (Court holding that once a defendant's conviction has been overturned or "erased," in *any manner* "the presumption of innocence was restored."); *Fields v. City of Chi.*, Case No. 10 C 1168, at *26 (N.D. Ill. Sep. 11, 2017) (finding that it was appropriate to bar the Defendants from introducing evidence that the Plaintiff did not receive a certificate of innocence from Illinois court in an civil rights case, noting that it would have been improper to admit another "fact-finder's rulings on issues the jury in this case was called upon to determine for the very purpose of influencing the jury's determination of those same issues.").

    **B.**    **Judge Byrne's Findings Are Unreliable.**

Judge Byrne's findings are wholly unreliable, where he made credibility findings of witnesses who he did not see testify, and where he rejected the findings of the post-conviction judge who actually heard the witnesses' testimony, and where he relied on inadmissible evidence to deny Plaintiff a COI.

Following his exoneration, Plaintiff filed a petition for a COI under 735 ILCS 5/2-702, which in Illinois is a request for monies following a reversal of a conviction, where the statute notes that: "The decision to grant or deny a certificate of innocence shall be binding only with

3

respect to claims filed in the Court of Claims and shall not have a *res judicata* effect on any other proceedings." 735 ILCS 5/2-702(j). Plaintiff attached Judge Walsh's ruling reversing his convictions and granting him a new trial, along with the transcripts from the post-conviction hearing, as well as other evidence, and requested a hearing on the matter. *See Exh. 2*, *pgs. 10-11*.

Without a holding a hearing, Judge Byrne found that Plaintiff did not meet his burden to establish by a preponderance of evidence that he was factually innocent of the offenses for which he was wrongfully incarcerated because (in sum): Bobby Joe Williams was not "telling the truth" at the evidentiary hearing, Plaintiff's denial about his participation in the crime was "not credible" and "implausible; " Rodney Benson's 2008 deposition testimony in *Cannon v. Burge* (an unrelated civil case to which Plaintiff was not a party) implicating Plaintiff in the offenses was "compelling" and "strong;" and where the trial testimony of Kenny Lewis implicating Plaintiff was "more than credible." *See Exh. 2, pgs*, *18-44*.

But these findings by Judge Byrne were fundamentally unfair, and unreliable. First off, Judge Byrne made credibility determinations based on a paper record. Despite requests for a hearing, Judge Byrne refused, and instead found that Plaintiff's and Bobby Joe Williams' testimony at the 2013 post-conviction hearing "not credible." Again, Judge Byrne made this determination without seeing either man testify and in contravention of the post-conviction hearing judge's specific credibility findings, which resulted in Plaintiff's conviction being reversed and all charges against him dropped. *See Exh. 2, pgs. 18-44..* That Judge Byrne made his determinations about the veracity of Plaintiff and Williams' testimony's without personally seeing a single witness in this case makes the admission of his credibility determinations about Plaintiff and Williams – who will testify at Plaintiff's trial -- wholly inappropriate and fundamentally unfair. *See Schultz v. Thomas*, 832 F.2d 108, 110 (7th Cir. 1987) (barring a state

4

court judge's factual findings from being admitted into evidence at a civil trial where the "excerpts from [the judge's] opinion so unavoidably overlapped the jury's role in assessing the credibility of the key witness as to unfairly prejudice the defendants by denying them the right to have a jury decide the facts which formed the claims against them.").

Secondly, Judge Byrne considered and found "compelling" co-defendant Rodney Benson's 2008 deposition testimony in the unrelated civil case of *Cannon v. Burge*, where Benson implicated Plaintiff in Byron's assault. *See Exh. 2, pgs. 29-30*. But this evidence should not have been considered at all by Judge Byrne under the COI statute. The COI statute reads that a court may "take judicial notice of prior sworn testimony or evidence **admitted in the criminal proceedings related to the convictions** which resulted in the alleged wrongful incarceration, if the petitioner was either represented by counsel at such prior proceedings or the right to counsel was knowingly waived." *See* 735 ILCS 5/2-702 (f). Benson's testimony in the *Cannon* deposition was obviously not part of Plaintiff's criminal conviction, and Plaintiff was not a party to the *Cannon* litigation, and thus was not "represented by counsel," at that proceeding as the statute requires. Thus, Judge Byrne, contrary to the explicit requirements of the COI statute, made his determination to deny plaintiff a COI based on evidence that was *inadmissible* at the COI proceedings. Given this, Judge Byrne's findings should not be admitted at Plaintiff's trial.

Moreover, admission of Judge Byrne's findings in the COI proceedings should be barred because they were based on a different, more incomplete, record than will be before the jury at Plaintiff's trial. Now, for example, the jury will hear the testimony of Plaintiff's co-defendants, who did not testify at Plaintiff's 1983 trial, and for whatever reason, were not called by the State at the evidentiary hearing or at the COI proceedings. Rodney Benson stated at his deposition that he did not see Plaintiff physically or sexually assault Byron, specifically denounced his 2008

5

deposition testimony in the *Cannon* case, admitting that he perjured himself in that proceeding to gain benefits from Cannon's attorneys. *See Exh. 3, pgs. 102-103, 116, 215-231 (Rodney Benson Deposition)* Benson admitted to bringing Byron upstairs *on his own accord*, and to having sex with her and to watching others have consensual sex with Byron. *Exh. 3, pgs. 21-30.* Notably, Benson said that he did not see Plaintiff assault Byron, and categorically denies any prior statements attributed to him that imply that he saw Plaintiff harm Byron – even admitting to perjuring himself when he claimed that he saw Plaintiff assault Byron. *Exh. 3, pgs. 102-103, 215-231*

Co-defendant Michael Fowler stated at his deposition that did not see Plaintiff sexually assault Byron. *See Exh. 4, pgs. 28-45 (Michael Fowler Deposition)* Additionally, Fowler offered a key fact that was not presented or discovered at Plaintiff's 1983 trial – that Kenny Lewis sexually assaulted Byron. *Exh. 4, pgs. 37, 44.* Moreover, Plaintiff's former girlfriend and mother of his children Jennifer Scott stated in her deposition that Kenny Lewis and others, just a few months before Plaintiff's arrest for the Byron assault, were plotting against Plaintiff, to get him out of Scott's life and to "really hurt Stan." *See Exh, 5, pgs. 71-73 (Jennifer Scott Deposition)* Now the jury will have evidence that not only was Kenny Lewis a perpetrator of the Byron assault, with an obvious motive to testify against Plaintiff, but Lewis also appears to have conspired with others to "hurt" Plaintiff and end his relationship with Scott. These facts were not available to Plaintiff during the COI proceedings, evincing the unreliability of the COI findings.

Judge Byrne did not have the benefit of these facts when he denied Plaintiff a COI. To allow Judge Byrne's ruling into evidence would necessarily require a detailed explanation of the differences between the record in the COI proceedings and the evidence admitted in at trial, and confuse the jury as to what exactly it is being asked to determine – the correctness of the COI

6

ruling or an evaluation of the evidence presented at trial? Plaintiff's would necessarily need to counter Judge Byrne's findings with the findings of Judge Walsh, the judge who actually reversed Plaintiff's conviction, as well as with the opinions of the Illinois Appellate and Supreme Courts, evaluating the evidence at Plaintiff's trial and making their own findings as to Defendants torture of Plaintiff and the impact that Plaintiff's tortured confession had on his conviction. *See Schultz*, 832 F.2d at 110 (finding reversible error where the district court allowed Plaintiff to admit into evidence, in a civil case, the state court's judge's findings from the underlying criminal matter). This would drive the entire trial into a lengthy sidetrack and confuse the jury as to its role in this litigation. *See Fields.*, Case No. 10 C 1168, at *26 (N.D. Ill. Sep. 11, 2017) (holding that there was no error in denying the Defendants' request to admit an Illinois judge's findings denying the Plaintiff a COI where the admission of that evidence "would have required a detailed explanation of the differences between the record in the state court proceeding and the evidence admitted in the present case. This would have driven the entire trial into a lengthy sidetrack. And it would have required a discussion of evidence this Court excluded, which would have had the effect of defeating the Court's evidentiary rulings.").

  **C.**   **Judge Byrne's Findings Are Inadmissible Hearsay.**

The judicial findings and determinations at issue are alternatively excludable as inadmissible hearsay. Fed.R.Evid. 801, 802. Prior judgments are traditionally considered to be inadmissible, and the Federal Rules of Evidence make few exceptions to this rule. *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993) (collecting authorities). "It is even more plain that introduction of discrete judicial fact findings and analysis underlying the judgment to prove the truth of those findings and analysis constitutes the use of hearsay." *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007). The problem of allowing evidence "neither based on personal

knowledge nor subject to cross examination" becomes "even more pronounced when dealing with statements that recapitulate in detail others' testimony and declarations." *Id*.

Here, Judge Byrne heard no live testimony nor did he allow the parties a hearing on the COI claims. Accordingly, as Judge Byrne did not have personal knowledge of the facts of the case, nor was any evidence subject to cross-examination, references to the COI findings constitute inadmissible hearsay and should be excluded at trial.

### D. Judge Byrne's Findings Are Unduly Prejudicial.

Even if relevant to these proceedings, Rule 403 bars the admission of relevant evidence only where its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403; *see United States v. Lightfoot, Jr.*, 224 F.3d 586, 588 (7th Cir. 2000) (even relevant evidence may be excluded if prejudicial effect outweighs benefit jury would obtain from considering). Any information regarding Judge Byrne's ruling that Plaintiff failed to meet his burden in his COI proceedings, while not evidence of Plaintiff's guilt, would cause the jury to be confused and unduly prejudiced against him. A layperson would likely misinterpret Judge Byrne's denial of Plaintiff's COI petition as a finding that Plaintiff was guilty of the Byron assault. This would be an unconstitutional inference given that Plaintiff's convictions have been reversed, or "erased," and thus "the presumption of [his] innocence was restored." *Nelson*, 137 S. Ct. at 1255–1256 (2017) *citing Johnson v. Mississippi*, 486 U.S. 578, 585 (1988) (after a "conviction has been reversed, unless and until [the defendant] should be retried, he must be presumed innocent of that charge.") and *Coffin v. United States*, 156 U.S. 432, 453 (1895) ("'[A]xiomatic and elementary,' the presumption of innocence 'lies at the foundation of our criminal law.'"). Because many of the findings and determinations in the related litigation "overlap" with the issues for the Court and the jury to decide in this case, and

8

would thus confuse the jury, Defendants should be barred from referencing or otherwise utilizing Judge Byrne's COI findings at Plaintiff's trial. *See Schultz*, 832 F.2d at 110; *United States v. Blanchard*, 542 F.3d 1133, 1148-49 (7th Cir. 2008) (introduction of judge's prior suppression-hearing comments "amounted to impermissible judicial testimony" and observing that the probative value of those prior statements was substantially outweighed by risk of unfair prejudice).

It should be noted that the prejudice to Plaintiff would be extraordinary where it appears that Illinois' COI statute is unconstitutional pursuant to *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). In *Nelson*, the Court reviewed the Colorado "Exoneration Act" which provided a civil claim for relief "to compensate an innocent person who was wrongly convicted" through monies and a return of any costs and fines paid as a result of their invalidated convictions. *Nelson*, 137 S. Ct. at 1254. Recovery under the Act was available to a defendant who could show, by "clear and convincing evidence," that he was actually innocent of his overturned conviction. *Id*. One petitioner was acquitted after new trial, and in the case of the other petitioner, the State declined to re-prosecute after his convictions were overturned in a post-conviction proceeding. *Id*. at 1253-1254. Both petitioners' were denied a refund of certain monies imposed as a result their convictions because they could not prove their factual "innocence" as defined under the Act. *Id*.

The United States Supreme Court found that Colorado's legislation did not comport with due process and was unconstitutional. *Nelson*, 137 S. Ct. at 1255. The Court was emphatic that "absent a conviction of a crime, one is presumed innocent." *Id*. at 1252. The Court concluded that "once those convictions were erased, the presumption of innocence was restored." *Id*. at 1255. The Court found that the State could not retain funds taken from the petitioners solely because of their now-invalidated convictions, for a State "may not presume a person, adjudged

guilty of no crime," is not innocent "*enough* for monetary exactions." *Id*. at 1256 (emphasis included). The Court was specific – to prevail under such Exoneration Act "defendants should not be saddled with any proof burden. Instead *** they are entitled to be presumed innocent." *Id*.

Illinois' COI law, similar to the unconstitutional Colorado statute, requires that a petitioner prove his innocence, by a preponderance of the evidence, in addition to the required vacation of the charges against him. The "plain language of section 2–702 shows the [Illinois] legislature's intent to distinguish between a finding of not guilty at retrial and actual innocence of the charged offenses." *People v. Fields*, 2011 IL App (1st) 100169, ¶ 19; *People v. Pollock*, 2014 IL App (3d) 120773, ¶ 26; *Rudy v. People*, 2013 IL App (1st) 113449, ¶ 15 (noting same). To prevail in Illinois under the COI Act, a "defendant must prove by a preponderance of the evidence that he is 'actually innocent,' as opposed to circumstances in which the State presented insufficient evidence to convict." *People v. Dumas*, 2013 IL App (2d) 120561, ¶ 18. This requirement, like the unconstitutional Colorado statute, "saddles" a petitioner with a "burden of proof" when "they are entitled to be presumed innocent." *Nelson*, 137 S. Ct. at 1256. Thus, the Illinois COI's statute requirement that a petitioner "prove" his innocence is seemingly unconstitutional, and thus Judge Byrne's order denying Plaintiff a should not be admitted at Plaintiff's trial.

WHEREFORE, for the reasons explained above, Plaintiff respectfully requests that this Court enter an order barring reference to the COI proceedings and barring the introduction of Judge Byrne's findings denying Plaintiff a COI, in Plaintiff's Motions *In Limine* No. 6.

Respectfully submitted,

/s/ Jennifer Bonjean<br>One of Attorneys for Plaintiff

Jennifer Bonjean
THE BONJEAN LAW GROUP
1000 Dean Street, Suite 422
Brooklyn, NY 11238
(917) 566-3926

## CERTIFICATE OF SERVICE

I, Jennifer Bonjean, an attorney, hereby certify that on June 10, 2019, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

/s/ Jennifer Bonjean