UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| PLAINTIFF, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | No. 14 C 5934 |
| | ) | |
| vs. | ) | The Honorable Elaine E. Bucklo |
| JOHN BYRNE, et al. | ) | |
| Defendants. | ) | Magistrate Judge Sheila M. Finnegan |

# DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO BAR OTHER ACTS EVIDENCE

Defendants, John Byrne, ("Byrne"), and Peter Dignan, ("Dignan"), and Douglas Stalley, as the personal representative of the Estate of Jon Burge ("Burge"), by their attorneys, move this Court, *in limine*, for an order barring any evidence of alleged police misconduct other than that against plaintiff. In support thereof, defendants state as follows:

## INTRODUCTION

Plaintiff has listed several several witnesses to testify to allegations of police misconduct against individuals other than plaintiff, to encourage the jury to infer that plaintiff was also mistreated. These include plaintiff's co-defendants and a witness in his criminal case, as well as witnesses who allege abuse in other criminal cases. All such evidence is barred, pursuant to Rules 404(b) and 403. Federal Rule of Evidence 404(b) prohibits other acts evidence unless the proponent can establish that: 1) the other acts evidence has a legitimate non-propensity purpose which is both at issue and does not rely on propensity for its relevance; 2) there is sufficient evidence of the other act for a jury to conclude that the defendant committed the act; and 3) as set forth in Rule 403, the probative value of the evidence is not outweighed by the prejudicial effects of the inevitable propensity inference, confusion of issues, and waste of court resources. Plaintiff cannot meet this burden, thus all such evidence, and witnesses testifying thereto, must be barred.

# PROPOSED OTHER ACTS EVIDENCE

Based on the Final Pre-Trial Order ("FPTO"), plaintiff's proposed other acts evidence consists of the testimony witnesses Rodney Benson, Lee Holmes, Michael Fowler, and Bobby Lee Williams, who allege abuse during the investigation of the rape and assault of K.B., as well as the following evidence of other acts outside the present litigation:

**Witnesses**:

1. Michael Goldston
2. Francine Sanders
3. Richard M. Daley
4. Gayle Shines
5. Richard Brzeczek
6. Dick Devine
7. Flint Taylor
8. Joey Mogul
9. Frank Deboni
10. Michael Angarola
11. Tom Reed
12. Veronica Tillman
13. John Raba
14. Myles O'Rourke
15. Bill Dorsch
16. Raphael Bombino
17. Dennis Waller
18. Alonzo Smith
19. Eric Smith
20. Michael Tillman
21. Daryl Cannon
22. Ronald Kitchen
23. Alphonso Pinex
24. Jackie Wilson
25. Anthony Holmes
26. Gregory Banks
27. Phillip Adkins
28. Stanley Howard
29. Lavert Jones
30. Thomas Craft
31. Alex Moore
32. Steven Bell
33. David Bates
34. Alton Logan

**Exhibits:**'s Proposed Exhibits ("P.P. Ex.") 8-14; 35-65; 77-78, 80-82, 90-98, 208, 211, 218, 222-223, 227.

## ARGUMENT

Other acts evidence is inadmissible character evidence, pursuant to Federal Rule of Evidence Rule 404(b) ("Rule 404(b)"). "The purpose of Rule 404(b) is to exclude a type of evidence – evidence that the defendant had previously engaged in a broadly similar [wrongful] activity – which has some probative value but the admission of which would tend as a practical matter to deprive a person" of a fair trial. *United States v. Wright*, 901 F. 2d 68, 70 (7th Cir. 1990). In the past, other acts evidence has been too readily admitted where the proponent named a non-

propensity purpose which may be applicable, without consideration of the "legitimacy of the purpose for which the evidence is to be used and the need for it." *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014); *accord United States v. Miller*, 673 F.3d 688, 696 (7th Cir. 2012) (noting that admission of prior offenses had become routine). The current standard abandons the previous multi-factor analysis in favor of a rules based approach. *Gomez*, 763 F.3d at 853.

"To overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *Gomez*, 763 F.3d at 860. Further, "relevance to 'another purpose' must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Id.*; *accord Miller*, 673 F.3d at 696 (other acts evidence inadmissible because it was relevant only through "an impermissible propensity inference.")

Even if this initial burden of establishing relevance is met, the evidence of other acts is not admissible "unless the evidence is sufficient for the jury to find by a preponderance of the evidence that the other act was committed." *Gomez,* 763 F.3d at 854. In addition, pursuant to Rule 403, the evidence must be evaluated to ensure that the probative value is not outweighed by its prejudicial effect, "tak[ing] account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Id*. at 856-57. Given these rigid standards, plaintiff cannot establish that any other acts evidence may be properly admitted in this case.

**I. Other acts evidence is not relevant to any non-propensity purpose.**

Fed. R. Evid. 404(b) prohibits admission of other acts evidence to show character or a propensity to behave in a certain manner, but allows that that other acts evidence "may be

3

admissible for another purpose." Fed. R. Evid. 404(b); *accord Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989). Whether other acts are relevant to a non-propensity purpose is a two-part inquiry. *Miller*, 673 F.3d at 697-98. First, the court determines whether and to what extent the proposed purpose is at issue. *Id*. at 697. Second, the court must determine whether the other acts evidence is actually relevant in that it is probative of the stated purpose and does not rely on a propensity inference to establish relevance. *Id*. at 697-98. "If evidence is not direct evidence of the [tort] itself, it is usually propensity…" *United States v. Gorman*, 613 F.3d 711, 718 (7th Cir. 2010). "Unless there is a persuasive and specific answer to the question, 'How does this evidence prove [the identified purpose]?' then the real answer is almost certainly that the evidence is probative only of propensity." *Miller,* 673 F. 3d at 699. In this case, none of the extrinsic allegations of police misconduct plaintiff seeks to introduce pass this two-part relevancy inquiry.

**A. Other acts are not relevant to any purpose enumerated in Rule 404(b).**

Evidence that others also alleged they were mistreated is not relevant to any of the purposes enumerated in Rule 404(b): motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. These are not relevant issues in this case and any probative value lies in the forbidden inference of propensity. *Gomez*, 763 F.3d at 860.

**1. Other acts are not admissible to show intent, absence of mistake or lack of accident.**

Intent, absence of mistake and lack of accident are not at issue in this case because "proof of the proscribed act gives rise to an inference of intent." <u>Shackleford</u>, 738 F. 2d at 781 (reversible error to admit other acts to show general intent because such an exception "would virtually swallow the rule"). Thus, admitting other acts to show a general intent to commit the act charged is merely disguised propensity evidence. *See Tanberg v. Sholstis*, 401 F. 3d 1151 (10th Cir. 2005) (evidence offered to show "that [defendant officer] often intends to use excessive force when

4

arresting the hapless innocents who cross his path . . ." properly excluded as propensity). Unless a defense of unintentional action, such as mistake or accident, is raised, intent is not at issue. *Shackleford*, 738 F. 2d at 781 (intent not at issue where defendant "did not argue that his alleged threats were inadvertent or that he did not intend to threaten [the victim]. Rather, he consistently maintained throughout the trial that he never committed the acts alleged."). In this case, defendants have not claimed that they unintentionally, accidentally or mistakenly committed the acts alleged in the complaint. Because intent "is not meaningfully disputed by the defense, and the bad acts evidence is relevant to intent only because it implies a pattern or propensity to so intend," admission would be an abuse of discretion. *Miller,* 673 F. 3d at 697.

**2. Opportunity is not a relevant purpose for admission of other acts evidence.**

Similar to intent, opportunity could only be relevant to rebut a defense of lack of opportunity, such as a claim that defendants were not present for the events alleged in the complaint or that somebody else committed the acts alleged. *See Newsome v. James*, No. 96 C 7680, 2000 U.S. Dist. LEXIS 11484, at *6 (N.D. Ill. July 25, 2000), (opportunity not at issue where "[d]efendants do not claim that they lacked opportunity to frame [plaintiff]"); *J.K.J. v. Polk Cty.*, No. 15-cv-428-wmc, 2017 U.S. Dist. LEXIS 8489, at *17 (W.D. Wis. Jan. 20, 2017) (claim that other acts are relevant to show opportunity "makes no sense" where contact with plaintiff was undisputed). Because Dignan and Byrne have not raised a defense that they were not present for the acts alleged, or that somebody else committed such acts, opportunity is not at issue in this case.

**3. Other acts are not relevant to show motive or knowledge.**

Motive and knowledge are not at issue in this case, and could not be established through other acts without an inference of propensity. An extrinsic act might be relevant to establish motive if it provided the incentive for a defendant to commit the wrongful conduct at issue. *See*

5

*Shackleford*, 738 F. 2d at 782 (framing inquiry as "whether defendant's previous [act of extortion] could supply a reason why defendant might have used the threat of force to obtain payment for a drug debt owed by [victim]."); *accord United States v. Brooks*, 125 F.3d at 500 (evidence of prior drug use relevant to supply a motive to commit an armed robbery to support the drug habit). Similarly, an act may be relevant to show that an individual possessed specific knowledge implicated in the acts alleged. None of the other acts plaintiff seeks to introduce serve this purpose.

The majority of the allegations plaintiff seeks to introduce involve conduct after Wrice was arrested and prosecuted, and could not have provided a motive or knowledge influencing acts which had already occurred. *See Rodriguez v. Woodall*, 189 F. App'x 522, 526 (7th Cir. 2006). Further, the five incidents of alleged misconduct which occurred prior to Wrice's arrest: Pinex, Holmes, Logan, Jackie Wilson and Andrew Wilson could not possibly be probative of the state of mind of Dignan or Byrne, who were not involved in the incidents. (*See* Defendants Motion in Limine No. 1, at III (B).)

Moreover, none of the acts alleged by plaintiff, whether prior or subsequent, pass the relevance test of "'How does this evidence prove [motive or knowledge]?" *Miller,* 673 F. 3d at 699. There is no relationship between other acts evidence and the arrest of plaintiff that could have provided specialized knowledge or a reason for the alleged misconduct in this case. Any argument that a defendant was motivated or knew how to coerce a witness because he had done it before would improperly rely on propensity. *See Shackleford*, 738 F. 2d at 783. As a result, other acts evidence is inadmissible to show motive or knowledge.

**4. Other acts are not probative of plan or preparation.**

There is no indication that defendants planned or prepared in advance to commit the acts alleged in the complaint, thus plan and preparation are not at issue. *See Newsome v. James*, No.

96 C 7680, 2000 U.S. Dist. LEXIS 11484 at *2 (N.D. Ill. July 25, 2000) (plan not at issue where no evidence that planned in advance to frame plaintiff). Even if plan and preparation were at issue, the relevant time period in which this planning or preparation would have taken place would be between the rape and assault of K.B. on September 9, 1982 and plaintiff's trial in May 1983. Defendants could not have planned an arrest and interrogation for a crime which had not yet been committed. None of the other acts which plaintiff seeks to admit occurred within this time period. As a result, they are not evidence of plan or preparation in this case. *See Gorman* ("If evidence is not direct evidence of the [tort] itself, it is usually propensity"); *Abdelal v. City of Chicago*, No. 13 C 1851, 2017 U.S. Dist. LEXIS 48357, at *6-7 (N.D. Ill. Mar. 31, 2017) (Pallmeyer, J.) (rejecting argument that subsequent allegation of police misconduct was probative of plan or knowledge in earlier incident). This evidence is related to plan and preparation only through a chain of reasoning relying on propensity – that there were other allegations of misconduct so the alleged mistreatment of plaintiff must have been part of a plan. *Gomez*, 763 F.3d at 860. As a result, it is inadmissible. *Miller*, 673 F.3d at 696.

**5. Identity and *modus operandi* are not relevant issues.**

Other acts evidence also cannot be admitted to show identity, or *modus operandi*. *Modus operandi* is not a means by which plaintiff may establish a pattern of coerced confessions to demonstrate that the defendants' conduct in this case conformed to that pattern. This would be propensity evidence. Rather, *modus operandi* is a means by which to establish identity, and is relevant only if identity is at issue. *United States v. Simpson*, 479 F.3d 492, 498 (7th Cir. 2007) 497-98. *Modus operandi* is inapplicable here because plaintiff cannot establish that any of the proposed other acts evidence "bear[s] a singular strong resemblance to [a] pattern" so as to permit an inference of identity." *U.S. v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002). Moreover, identity is

7

not at issue in this case, because Defendants do not assert that someone else committed the acts. *See Okai v. Verfuth*, 275 F.3d 606, 613 (7th Cir. 2001) (officers' disciplinary history not admissible to show identity because "there was no question as to the identity of the officers who allegedly assaulted [the inmate] – [defendants] never presented the defense that [the plaintiff] had mistaken them for other officers.");*see also Simpson*, 479 F.3d at 498 (the need to prove identity is not a "ticket to admission" of other acts evidence anytime a defendant denies committing the acts alleged). As a result, identity is not at issue and neither identity nor *modus operandi* is a relevant basis for admission of other acts evidence.

**B. Other acts are not relevant because plaintiff's *Monell* claim has been bifurcated and the alleged acts are not probative of plaintiff's *Brady* claim.**

Defendants anticipate that plaintiff may claim that other acts of misconduct are relevant to establish a pattern and practice of misconduct in support of his *Brady* claim. However, as set forth in detail in Defendants Motion in Limine No. 1, incorporated herein, none of the proposed other acts evidence supports such a claim. As a result, plaintiff's *Brady* claim is not a proper purpose for other acts evidence.

**II. The evidence of other acts is not sufficient for a jury to find by a preponderance of evidence that the Defendants committed the acts alleged.**

Admission of other acts evidence requires not only a valid non-propensity purpose, but also a finding that the evidence is sufficient for a jury to find that the particular defendant committed the acts alleged. *Gomez,* 763 F.3d at 854; *accord Huddleston v. United States*, 485 U.S. 681, 689 (1988). This standard is not met because defendants were not involved in the alleged misconduct, or there is insufficient evidence for the jury to conclude the acts occurred, or both.

Of the seventeen alleged victim-witnesses, thirteen are barred from testifying because they were not disclosed as required by Rule 26 (a) (E. Smith, Pinex, Wilson, Holmes, Banks, Adkins,

8

Howard, Jones, Craft, Moore, Bell, Bates, and Logan).[1] In addition, several of the alleged victims do not assert misconduct by Byrne or Dignan: Kitchen. E. Smith, Pinex, Wilson, Holmes, Moore, Logan, and Andrew Wilson, deceased. In total, fourteen of plaintiff's alleged victim witnesses are either barred, or offer no evidence even remotely related to the conduct alleged in this case (E. Smith, Kitchen, Pinex, Wilson, Holmes, Banks, Adkins, Howard, Jones, Craft, Moore, Bell, Bates, Logan). Because plaintiff cannot provide sufficient evidence that these acts were committed by defendants, this court need not give the allegations of these individuals any further consideration.

Moreover, the testimony of the seventeen alleged victims, without corroborating evidence, is not sufficient for the jury to find that the acts occurred. A criminal defendant who has confessed to murder has a significant incentive to allege coercion and attempt to suppress his confession. Such self-serving testimony of a criminal defendant is insufficient proof of physical coercion, without some independent corroboration "such as eyewitness reports, medical records, and /or photographs, in support thereof." *Hinton v. Uchtman*, 395 F.3d 810, 819 (7th Cir. 2005).

Plaintiff cannot present any evidence corroborating other allegations of physical abuse. This testimony cannot be bolstered with prior statements, prior testimony, medical records, or the investigation of the Office of Professional Standards, ("OPS"), which are all inadmissible. Rules 801 through 804 bar hearsay statements made to the Office of (P.P. Exs. 8, 37-39, 60-62) and the Special Prosecutor (P.P.Exs. 9, 10), as well as medical records (P.P.Exs. 69, 70). Further, Rule 407 bars admission of any investigations by OPS, including but not limited to the Goldston Report (P.P.Ex. 8) and CR files (P.P.Ex. 38). Fed. R. Evid. 407. OPS's investigation of misconduct allegations was a subsequent remedial measure. *Maddox v. Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) ("The Internal Affairs investigation and measures taken by the defendant City were

---

[1] This issue is addressed in Defendants' Motion in Limine No. 10, incorporated herein.

remedial measures taken after the incident."); *accord Thompson v. City of Chicago*, No. 01 C 8883, 2004 U.S. Dist. LEXIS 31489, at *2-4 (N.D. Ill. July 6, 2004) (St. Eve, J.) (barring evidence of disciplinary action by Office of Professional Standards).

Hearsay also bars the second-hand information proposed to be introduced through witnesses who obtained statements in the course of their investigation or representation of an alleged victim (Goldston, Sanders, Daley, Shines, Brzeczek, Devine, Taylor, Mogul, Deboni, Angarola, Reed, Tillman, Raba, O'Rourke, Dorsch, and Bombino). Fed. R. Evid. 801-804; *Jones v. Basinger*, 635 F.3d 1030, 1041 (7th Cir. 2011) (detective's testimony recounting statement of informant was inadmissible hearsay). Finally, any reports of alleged abuses by investigating, fact-finding or legislative bodies are also not competent evidence, as they lack foundation and are hearsay. This includes, but is not limited to the reports, conclusions, and recommendations of the Office of Professional Standards (Pl. proposed Exh. 8, 37-39, 60-62) the Special Prosecutors reports (P.P.Exs. 9, 10), Police Board findings and recommendations (Pl. proposed Exh. 11), City Council hearings and ordinance (Pl. proposed Exh. 57) and court opinions (Pl. proposed Exhs. 12A, 58, and 113). These documents simply reiterate the out-of-court statements of others, and constitute double-hearsay.

Since there is no admissible evidence to corroborate the alleged victim's testimony, these allegations are insufficient for a jury to find that the incidents occurred. *See, e.g., Patterson v. City of Chi.*, No. 15-cv-4139, 2017 U.S. Dist. LEXIS 27572, at *13 (N.D. Ill. Feb. 28, 2017) (St. Eve, J.) (barring evidence of other law suits pursuant to Rule 403, in part because "the allegations have not been proven"). Thus, these other acts are inadmissible. *Gomez,* 763 F.3d at 854.

**III. The prejudicial effect of other acts evidence far outweighs any probative value.**

The Seventh Circuit has long recognized that introducing evidence of other bad acts, even

for a purpose enumerated in Rule 404(b), "inescapably creates a risk of the forbidden inference, that a person who violates the law at one time has a bad character and therefore violated the law at a different time." *United States v. Beasley*, 809 F. 2d 1273, 1278 (7th Cir. 1987). For this reason, courts "must . . . evaluate whether the evidence, although relevant and within the exception [to Rule 404(b)], is sufficiently probative to make tolerable the risk that jurors will act on the basis of emotion or an inference via the blackening of the defendant's character." *Id*. at 1279.

As with all evidence, Rule 404(b) requires courts to analyze other acts evidence to ensure that the "probative value is not substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403, *Gomez*, 763 F.3d at 856-67. Probative value is determined by looking at the relevance of the evidence, and the availability of "evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). As addressed *supra*, other allegations of misconduct have little, if any, potential to resolve a genuine issue in this case, without reliance on propensity. Moreover, the availability of other, less prejudicial, evidence further minimizes any probative value in other acts evidence. *See United States v. Thomas*, 321 F. 3d 627, (7th Cir. 2003) (other acts evidence was properly excluded, pursuant to Rule 403, because it was unnecessary given there was other evidence to establish defendant's knowledge); *United States v. Garcia-Rosa*, 876 F.2d 209, 222 (1st Cir. 1989) (holding that "the prejudicial impact [of extrinsic acts evidence] was unfair because the incremental value of this evidence was minimal; the government had other direct evidence to prove [defendant's knowledge]."). Other acts evidence is least probative when eyewitness testimony on the issue is available. *United States v. Haywood*, 280 F.3d 715, 723 (6th Cir. 2002) (conviction for drug possession was not probative of intent where jury heard direct testimony regarding the drug sale

from the buyer); *United States v. Merriweather*, 78 F. 3d 1070, 1077 (6th Cir. 1996) (reversible error to admit a prejudicial voice recording where direct testimony regarding the identity of defendant was available). In this case, because plaintiff and other witnesses will offer direct testimony in support of the allegations of coercion, the minimal probative value, if any of other acts evidence is not sufficient to offset the risks of unfair prejudice, confusion of the issues, and waste of time which accompany its admission.

There is a real and virtually inevitable risk that the other acts evidence will lead to improper inferences of bad character, causing unfair prejudice to defendants. *Michelson v. United States*, 335 U.S. 469, 475-76; *accord Haywood*, 280 F. 3d at 723 (finding that other acts evidence "invited the jury to conclude that [defendant] is a 'bad person . . . and that if he did it once he probably did it again."(internal quotations omitted)); *United States v. Queen*, 132 F. 3d 991, 996 (4th Cir. 1997) (jurors hearing other acts evidence have "the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from other offenses" (internal citation omitted). "[T]he likely effect of the evidence in poisoning [defendant's] character" in this case far outweighs any probative value of other acts evidence. *Beasley*, 809 F. 2d at 1279; *accord Manuel v. City of Chicago*, 335 F. 3d 592, (7th Cir. 2003) ("labeling [plaintiff's supervisor] a 'racist' had the potential of being unfairly prejudicial to the [defendant's] case.") It is clear from plaintiff's witness and exhibit lists that he intends to focus his case on the social outrage of the allegations of police torture in Chicago, by connecting the defendants to other incidents and invoking an emotional response from the jury. This extreme prejudice will prevent defendants from receiving a fair trial on the merits. *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987) ("Evidence is considered unfairly prejudicial . . . because its admission makes it likely the jury will be induced to decide the case on an improper basis, commonly an emotional one.").

In addition to attacks on their character, defendants risk a verdict based on conduct outside of this litigation. When faced with evidence of other bad acts, a jury has "the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from other offenses." *Queen*, 132 F. 3d at 996 (internal citation omitted). A jury is also less likely to hold a plaintiff to his burden of proof on his case, even if it finds insufficient proof of plaintiff's allegations, if it believes that the defendant committed other wrongs. *See Thomas*, 321 F. 3d at 635.

A verdict which punishes a defendant for acts outside of the litigation is never permissible. *See Phillip Morris USA v. Williams*, 549 U.S. 346, 356-357 (2007). Where there is a risk that a jury will base its verdict on harm caused to others, "a court, upon request, must protect against that risk." *Id*. at 357. This protection is necessary because permitting plaintiff to use this litigation to seek damages for wrongs to others violates Defendants' right to due process. *Id*. at 353. Several oth the other acts witnesses have already filed civil claims for this conduct, which have been resolved (e.g., *Andrew Wilson v. Burge*, et. al., 86-CV-2360; *Cannon v. Burge, et al.,* 05 C 2192; *Tillman v. Burge, et al,* 10 C 4551; *Kitchen v. Burge, et al,* 10 C 4093; *Alonzo Smith v. Burge, et. al*, 16 C 3404; *Logan v. Burge, et.al.*, 09 C 5471, *Adkins v. Boffo, et. al*, 86 C 3039) and could not now be asserted based on *res judicata*. Permitting plaintiff to use these allegations as a basis for damages in the present action would violate of defendants due process rights, a prejudice which warrants exclusion pursuant to Rule 403. Fed. R. Evid. 403.

Finally, jury confusion and judicial economy provide additional bases for barring the other acts evidence. Introduction of the other acts evidence will result in several mini-trials distracting the jury's attention from the issues and expending a large amount of court time. *See Manuel*, 335 F.3d at 597 (mini-trials regarding other incidents of discrimination would have shifted the focus

13

away from plaintiff's allegations, confusing the jury). The introduction of just one of these allegations is time-consuming because, in addition to the testimony regarding the event, it involves cross-examination of the witness and presentation of rebuttal witnesses, in essence a "trial within a trial" for the jury to consider. *See Jones v. Hammelmann*, 869 F. 2d at 1027.

**IV. Cautionary instructions cannot remedy the prejudice inherent in this evidence.**

The damage done by the introduction of other alleged misconduct cannot be prevented with a cautionary instruction to the jury. "Except in unusual circumstances, emanations from evidence of a defendant's bad acts are almost always suggestive of a defendant's propensity to commit other bad or criminal acts and tend to impugn his or her credibility, and errors in admitting such evidence consequently often go to the fundamental fairness of the trial." *Shackleford*, 738 F. 2d at 783 (admission of defendant's prior misconduct was reversible error despite cautionary instruction to jury). Even with a cautionary instruction, the other acts evidence would "be difficult to confine . . . to proper bounds" leading to jury confusion over the issues. *United States v. Rogers*, 587 F. 3d 816, 822 (7th Cir. 2009). Thus, a limiting instruction is not a "sure-fire panacea for the prejudice resulting from the needless admission of [other acts] evidence." *Haywood*, 280 F. 3d at 724 (admission of other crimes was reversible error despite jury instruction that evidence could be considered only as to intent); *accord Garcia-Rosa*, 876 F. 2d at 222 ("highly probable that the jury drew impermissible inferences" from the extrinsic acts evidence, despite the instruction to the jury to consider the evidence only as to knowledge). "[I]f limiting instructions could remedy all such errors, [a party] would easily be able to circumvent Rules 404(b) and 403." *Id.* (reversible error to admit other acts evidence); *accord United States v. Jimenez*, 613 F.2d 1373, 1377 (5th Cir. 1980) ("Even the most careful of instructions, however, would not have sufficiently limited the prejudicial nature of the extrinsic offense evidence in this case.") In the present case, a limiting

instruction will not adequately protect defendants from the risk that the jury will improperly rule based on propensity, character, or conduct outside this litigation. As a result, all other evidence must be barred.

**V. Plaintiff should be barred from attempting to introduce evidence of other acts not addressed above.**

Because defendants are aware of plaintiff's intent to seek admission of the Proposed Other Acts Evidence listed above, the inadmissibility of these incidents is addressed herein. However, this motion seeks to bar any evidence of other acts by defendants and police officer witnesses, through any witness or exhibit. Rule 404(b) "protects against the 'trial by ambush' that would occur if one were confronted at trial not only with acts alleged in the [complaint] but also with prior acts from the span of one's entire lifetime. Such a trial would be nearly impossible to prepare for effectively." *Queen*, 132 F. 3d at 996. Should plaintiff seek to introduce evidence of conduct other than that addressed herein, defendants request that any such proffer be made outside the presence of the jury to permit the court to address the admissibility of such evidence. Without such an opportunity, defendants will be severely prejudiced.

Wherefore, for all of the foregoing reasons, and those addressed in Defendants' Motion in Limine No. 1, incorporated herein, defendants request the Court to issue an order *in limine* barring any evidence of alleged police misconduct other than that against plaintiff.

Respectfully submitted,
DEFENDANTS

BY: /s/ Scott Jebson

Andrew M. Hale
Scott Jebson
Amy A. Hijjawi
Jennifer Bitoy
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

**CERTIFICATE OF SERVICE**

      I, Scott Jebson, an attorney, hereby certify that I filed the attached document on the date stamped in the above margin, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

                                                  /s/ *Scott Jebson*