IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 5934 |
| | ) | |
| v. | ) | |
| | ) | |
| John Byrne, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LMINE* No. 4 TO BAR EVIDENCE OR MENTION OF BURGE'S 2011 CONVICTIONS**

Defendants John Byrne, Peter Dignan, and the Estate of Jon Burge ("Defendants"), by and through their attorneys, move this Court, *in limine*, for an order excluding evidence or reference to Jon Burge's 2011 convictions for obstruction of justice and perjury. In support of this motion, Defendants state as follows:

In 2011, Defendant Burge was convicted of obstruction of justice and perjury stemming from answers he gave during discovery in a civil case in 2003 regarding allegations of torture. Defendants move to bar evidence or reference to these convictions as irrelevant and unfairly prejudicial. Federal Rule 609(a) provides, in pertinent part:

(a) General Rule. For the purpose of attacking the character for truthfulness of a witness,

(1) Evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) Evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the

elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609

Here, Burge's 2011 convictions for obstruction of justice and perjury do not fall within Rule 609 for two reasons. First, because Burge is deceased, and any prior testimony that Plaintiff attempts to play at trial will invariably involve Burge refusing to answer questions under the protection of the Fifth Amendment to the United States Constitution, there will be no testimony by Burge to impeach via his convictions. Second, any probative value of the convictions is outweighed by the unfair prejudice to the Defendants. Specifically, given the nature of the convictions (obstruction of justice and perjury relating to allegations of abuse), the jury will likely believe that because Burge was found guilty of obstructing justice and perjury relating to allegations of abuse, he in all likelihood was involved in obstructing justice in this case, i.e., entered into a conspiracy to fabricated and suppressed evidence, as well as coerce plaintiff's confession. In other words, the jury would likely use evidence of his convictions as improper propensity evidence.

Wherefore, Defendants request the Court to issue an order barring any evidence or reference of Burge's 2011 convictions.

Respectfully submitted,<br>
DEFENDANTS

BY:  /s/ Scott Jebson_____

Andrew Hale
Scott Jebson
Jennifer Bitoy
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

## CERTIFICATE OF SERVICE

I, Scott Jebson, an attorney, hereby certify that I filed the attached document on the date stamped in the above margin, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/  Scott Jebson