**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 5934 |
| | ) | |
| v. | ) | |
| | ) | |
| John Byrne, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |


**DEFENDANTS' MOTION *IN LMINE* NO. 6 TO BAR JUDDGE WALSH'S FINDINGS
AT THE CONCLUSION OF WRICE'S POST-CONVICTION HEARING**

Defendants John Byrne, Peter Dignan, and the Estate of Jon Burge ("Defendants"), by and through their attorneys, move this Court, *in limine*, for an order barring evidence of Judge Walsh's findings at the conclusion of Plaintiff's post-trial hearing. In support of their motion, Defendants state as follows:

As this Court is aware, on December 10, 2013, Judge Richard Walsh of the Circuit Court of Cook County – Criminal Division, vacated Plaintiff's 1983 convictions for rape and deviate sexual assault. When he did so, Judge Walsh commented on, among other things, some of his reasons for vacating Plaintiff's convictions, allegations of abuse at Area 2, and, in his opinion, constitutional violations committed against Plaintiff by Defendants Byrne and Dignan. Plaintiff has listed as Plaintiff's proposed Exhibit No. 4 in the Final Pre-Trial Order a copy of the court transcript of Judge Walsh's comments after vacating Plaintiff's convictions. *See* transcript of Judge Walsh's comments attached as Ex. A. The following is an excerpt from the transcript Plaintiff wants to introduce into evidence:

> THE COURT: Okay. I think, first, just looking at Justice Tice's opinion and her reliance on special prosecutor, Justice Egan report, and also on the Seventh Circuit, Judge Woods' reliance on that in a case that's cited here in the Hinton (phonetic) case which he says that what was happening in Area 2 is like what was happening in the Abu Ghraib facility in Iraq. So I don't think there's any doubt that anybody can make an argument that Area 2 Violent Crimes detectives were not torturing people in Area 2. As to the defendant's testimony that he was tortured to get him to make a confession, that is unrebutted. You know, they - - as the bench memo puts out that these officers came in here, they took the

5th Amendment, they did not rebut the defendant's testimony. In fact, Mr. Williams, who was found by the special prosecutor to be a credible witness beyond a reasonable doubt, confirms that he sees the defendant being brought up handcuffed that he can hardly walk. The medical evidence confirms that he was injured. So based upon all that and the Justice Tice decision that coerced confession is never harmless error, on that alone I'm going to order that evidence suppressed and grant a new trial. I think, just to make some comments on some of the other issues that were raised, I really kind of put these together. The issue of violation of discovery, Brady motion as well as the due process issue, a little bit of difference, but one thing the - - well, I think that the State's Attorney, Justice Lampkin and - - at the time this case was tried, I think they acted in good faith. I don't think there's any evidence that they didn't but they're - - the State is responsible and liable for the conduct of the police officers and they committed perjury. They lied about how they handled this defendant, you know, so I think that - - also  they – you know, I'm not so sure that the Williams' perjury, that he now admits that he lied because he had been beat, what was a Brady violation or a due process violation even. But the fact that he had been tortured should have been turned over and that very definitely was a Brady violation.

Ex. A, p. 2-3

This exhibit (Plaintiff's proposed exhibit No. 4), and any reference to its contents, should be barred for a number of reasons, the first being that it is hearsay. Fed. R. Evid. 802. There can be no legitimate argument that the transcript of Judge Walsh's is not hearsay. For this reason alone, the exhibit should be barred. However, there are a myriad of other reasons why this exhibit should be barred. In addition to being hearsay, Judge Walsh's comments are irrelevant to the issues being tried in this case. Fed. R. Evid. 402. The issues that the jury will decide in this case are, among other things, whether (1) Defendants violated Plaintiff's right to a fair trial by fabricating material evidence; (2) violated his right to a fair trial by suppressing material evidence (*Brady* claim); and (3) violated his Fifth and Fourteenth Amendments by coercing a confession from him which was used against him at trial.

In the transcript that Plaintiff wants to submit to the jury, Judge Walsh offers his opinion on two of Plaintiff's claims – the *Brady* claim and coercion claim. Specifically, Judge Walsh expressed his opinion on the Defendant officers violating *Brady* when he said, "the fact that he [Williams] had been tortured should have been turned over and that very definitely was a Brady violation." Ex A, p. 3. Whether there was a *Brady* violation is a jury question, and it would be irrelevant and improper to admit a hearsay document into evidence injecting Judge's Walsh's opinion on this matter. Judge Walsh also commented on the issue of whether Plaintiff's confession was coerced: "As to the defendant's testimony that he was tortured to get him to make a confession, that is unrebutted. You know, they - - as the bench memo puts out that these officers came in here, they

took the 5th Amendment, they did not rebut the defendant's testimony." *Id.* Judge Walsh went on to say, "the State is responsible and liable for the conduct of the police officers and they committed perjury. They lied about how they handled this defendant\*\*\*." *Id.* Whether or not Plaintiff's Fifth Amendment rights were violated will be a job for the jury to decide, and therefore, Judge Walsh's comment on this issue is irrelevant. There is simply no probative value in admitting this evidence.

To the extent there is any probative value, it is outweighed by unfair prejudice to Defendants. Fed. R. Evid. 403. It is hard to imagine something more unfairly prejudicial to a defendant in a civil case than to admit into evidence a transcript of a judge who essentially says the defendants violated Plaintiff's constitutional rights and that the Defendants are liars. That is what Judge Walsh stated in the transcript that the Plaintiff wants to give to the jury. But there are even more comments in the transcript that would be unfairly prejudicial to Defendants, such as Judge Walsh's reference to a case that compared Area 2 the Abu Ghraib facility in Iraq, or when Judge Walsh said, "I don't think there's any doubt that anybody can make an argument that Area 2 Violent Crimes detectives were not torturing people in Area 2."

In addition to being unfairly prejudicial, allowing the jury to hear Judge Walsh's comments would lead to confusion of issues and would mislead the jury. Fed. R. Evid.403. The jury would likely place undue weight on Judge Walsh's comments (any weight would be undue) when deciding Plaintiff's case. Another way admitting this evidence would mislead the jury is related to Judge Walsh's comments about "harmless error" as it related to plaintiff's confession. In the transcript, Judge Walsh, citing Illinois law, stated, "based upon all that and the Justice Tice decision that coerced confession is never harmless error, on that alone I'm going to order that evidence suppressed and grant a new trial." Ex. A., p. 2-3. Hearing this, the jury would likely believe that the Plaintiff would be entitled to damages for 31 years of imprisonment if they believe Defendants coerced his confession, even though the remaining evidence in Plaintiff's criminal trial was sufficient to convict him. Such a belief would be contrary to law. Even if the jury were to believe that the Defendants coerced Plaintiff to confess to the crimes against Karen Byron, he would only be entitled to nominal damages if the jury also found that the remainder of the evidence presented to the jury in his criminal trial would have been sufficient to convict him.

Wherefore, for all the above-referenced reasons, Defendants request the Court to issue an order barring any evidence of Judge Walsh's comments at the conclusion of Plaintiff's post-trial hearing.

Respectfully submitted,
DEFENDANTS

BY:     /s/ Scott Jebson_____

Andrew M. Hale
Scott Jebson
Jennifer Bitoy
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

## CERTIFICATE OF SERVICE

I, Scott Jebson, an attorney, hereby certify that I filed the attached document on the date stamped in the above margin, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/  *Scott Jebson*