**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 5934 |
| | ) | |
| v. | ) | |
| | ) | |
| John Byrne, et al., | ) | Judge Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LMINE* NO. 8 TO BAR REFERENCE TO INDEMNIFICATION BY THE CITY OF CHICAGO OR ANY REFERENCE TO THE CITY OF CHICAGO AS A DEFENDANT**

Defendants John Byrne, Peter Dignan, and the Estate of Jon Burge ("Defendants"), by and through their attorneys, hereby move this court, *in limine*, for an order barring evidence of indemnification by the City of Chicago or any reference to the City of Chicago as a defendant. In support of their motion, Defendants state as follows:

The *Monell* claim against the City of Chicago has been bifurcated and stayed. The only "claim" remaining against the City is the indemnification claim, which only directs the City to pay any award of compensatory damages against the Defendant Officers. The City of Chicago has stipulated to pay any compensatory damages verdict that may be awarded in this case. In light of the stipulation, the only reason to mention the City of Chicago as a defendant would be to improperly signal to the jury that it will be indemnifying the defendant officers in the event of a liability verdict. Such a signal to the jury is not accurate inasmuch as the Defendant Officers may be liable for payment of a punitive damages award against them. *Compare* 745 ILCS 10/9-102 (providing that municipal employees are indemnified for any compensatory damages judgment assessed against them) *with* 745 ILCS 10/2-302 (providing that municipalities may not indemnify employees for punitive damage awards).

In addition, it is well settled that evidence of indemnification is irrelevant and highly prejudicial to individual defendants. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998)

(acknowledging general rule that "courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill"); *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992); *see also Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994) (concluding that indemnification is not relevant to damages claim); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (concluding that instructions concerning indemnification are extremely prejudicial).

Evidence that the City of Chicago, which is no longer a party in the pending trial, may indemnify any of the defendant police officers for potential damages may encourage jurors to find for Plaintiff regardless of the facts presented at trial. Evidence of indemnification also may cause jurors to inflate a damages award out of sympathy for Plaintiff or for other irrelevant factors. Whether the City provides indemnity to the defendant officers is irrelevant to the issue of whether there is any merit to Plaintiff's claims. Evidence of indemnification also is akin to evidence of insurance coverage, which is prohibited by the rules of evidence. *See* Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully.") Consequently, evidence, testimony, argument, innuendo, or comment concerning indemnification of the defendant officers or reference to the City of Chicago as a defendant should be barred. Any reference to the City of Chicago should also be removed from the verdict form.

Respectfully submitted,
DEFENDANTS

BY:     /s/ Scott Jebson_____

Andrew M. Hale
Scott Jebson
Jennifer Bitoy
Hale & Monico LLC
53 West Jackson Blvd., Suite 330
(312) 870-6926

## CERTIFICATE OF SERVICE

I, Scott Jebson, an attorney, hereby certify that I filed the attached document on the date stamped in the above margin, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

/s/ *Scott Jebson*