**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 5934 |
| | ) | |
| -vs- | ) | The Hon. Harry D. Leinenweber |
| | ) | |
| City of Chicago, *et al*., | ) | Magistrate Sheila Finnegan. |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO RECONSIDER COURT'S**
**RULING ON WRICE'S PROPOSED NON-PATTERN**
**JURY INSTRUCTION DEFINING MATERIALITY**

Defendants, John Byrne and Peter Dignan, by their attorneys, move this Court to reconsider its ruling on Wrice's proposed non-pattern jury instruction defining materiality.[1] Specifically defendants ask this Court to refuse the definition of materiality in Wrice's proposed instruction number 21, and give the definition of materiality in defendants instruction no. 9, or alternatively, defendants' instruction no. 9A.[2] In support thereof, defendants state as follows:

**INTRODUCTION**

Defendants asked this Court to instruct the jury on materiality as set forth in Federal Civil Jury instructions of the Seventh Circuit 7.14, ("pattern instruction"). Def. Proposed Instruction No. 9, Dkt. 410-9 at 32-33. Wrice seeks a non-pattern instruction, relying on inapplicable precedent and combining and rearranging the words of the Supreme Court in such a way that his proposed instruction ultimately misstates even the criminal law upon which it is based. Pl. Proposed

---

[1] This motion addresses the materiality element only, and supplements defendants' objections to Wrice's proposed instruction no 21, which is erroneous in several other aspects. *See* Dkt. 141-8 at 25 (incorporated herein by reference).

[2] Defendants' proposed definition of materiality applies equally to defendants' instruction 10, and the same modification is proposed as though fully set forth herein.

Instruction No. 21, Dkt. 410-8 at 25. At a minimum, this Court should give the pattern instruction, which parallels the *Brady* standard for materiality in a post-conviction proceeding as set forth in *United States v. Bagley*, 473 U.S. 667, 680 (1985). Moreover, any deviation from the pattern instruction should follow the recent signal from the Seventh Circuit in *Goudy v. Cummings*, 922 F.3d 834, 842 (7th Cir. 2019), which identified an unresolved issue regarding the use of *Brady* standards in Section 1983 claims. This is the basis for defendants' alternative instruction 9A. Exh. A. Defendants instruction 9A modifies the pattern instruction by removing reference to "reasonable probability" in the materiality definition, because this qualification does not apply in a Section 1983 case for civil damages, where the standard of proof varies significantly from that in the habeas corpus and post-conviction proceedings addressed in *Bagley* and its progeny.

    **I. Pattern instruction 7.14 incorporates the *Bagley* standard for materiality in a *Brady* case which is favored in this circuit.**

To the extent this Court is inclined to adopt a definition of materiality from the criminal context, it should do so consistent with Supreme Court and Seventh Circuit precedent. Supreme Court precedent has defined materiality differently, depending on the due process violation alleged in the post-conviction proceeding. In *Brady* cases, "[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682. This standard has been explained as "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). Thus, even in post-conviction cases, *Brady* causation is defined in concrete terms, by reference to the outcome of the trial. *Bagley*, 473 U.S. at 682; *see also United States v. Agurs*, 427 U.S. 97, 104, 96 S. Ct. 2392, 2398 (1976) ("implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.")

This outcome-driven perspective is precisely why the pattern instruction refers to what *would have* happened at the criminal trial rather than what *could have* happened. The committee concluded that "would have" is the proper phrasing, and that cases applying a "could have" standard were inapplicable. *See* Seventh Circuit Pattern Instruction 7.14, Comment e ("The Committee has chosen to use the *Bagley* materiality formulation because *Bagley* expressly considers the materiality standard for suppression of evidence while *Wearry* does not.") The pattern instruction incorporates the *Brady* standard of materiality, providing: "evidence is 'material' if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed." Seventh Cir. Pattern Instruction 7.14. The language of the pattern instruction reflects the opinion of the Committee that the materiality definition in *Bagley*, "accurately [states] the law as understood in this circuit;" and will "help judges communicate more effectively with juries through the use of simple language in short declarative sentences in the active voice." *See* Introduction to Federal Civil Jury Instructions for the Seventh Circuit. Indeed, the majority of Seventh Circuit decisions have cited the *Bagley* standard in Section 1983 cases.[3] Wrice has not provided the Court with a legitimate reason to deviate from Pattern Instruction 7.14.

While the Committee correctly concluded that the "could have" cases, such as *Napue v. Illinois*, 360 U.S. 264, 279 (1959), are inapplicable in a *Brady* case, it mistakenly referred to these cases as establishing a materiality standard in "fabrication" cases. Seventh Circuit Pattern

---

[3] *See, e.g., Carvajal v. Dominguez*, 542 F.3d 561, 568 (7th Cir. 2008) (reversing denial of summary judgment where no reasonable probability that evidence would have led to suppression of identification) *Beaman v. Freemeyer*, 776 F. 3d 500, 507 (7th Cir. 2015) (finding standard was not met and affirming summary judgment); *Bielanski v. County of Kane*, 550 F. 3d 632, 644-45 (affirming motion to dismiss where standard was not met); *Ruiz-Cortez v. City of Chi.*, 931 F.3d 592, 602 (7th Cir. 2019) (court properly denied plaintiff judgment where jury could have found that plaintiff had not met materiality standard ) Although these cases cited the *Bagley* standard, none of them addressed whether this post-conviction standard should be applied in a Section 1983 case, in fact each found the standard not met, giving the court no opportunity to decide whether the standard was too low, as explained in Section III below.

Instruction 7.14, Comment e. *Napue* has a far more narrow application, limited to allegations against a prosecutor for suborning perjury at the criminal trial. 360 U.S. at 271 ("the false testimony could not in any reasonable likelihood have affected the judgment of the jury")(citing *Mooney v. Holohan*, 294 U.S. 103 (1935)); *see also Giglio v. United States*, 405 U.S. 150, 154, (1972), ("the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury.") As the Supreme Court later explained "the Court has applied a strict standard of materiality, not just because they involve prosecutorial misconduct, but more importantly because they involve a corruption of the truth-seeking function of the trial process." *United States v. Agurs*, 427 U.S. 97, 104, (1976). Hence, even in a post-conviction case, this standard applies only where prosecutorial misconduct is at issue. *Id*. There is absolutely no justification for a "could have" standard in this case, where Wrice seeks money damages, rather than release from incarceration, and no prosecutorial misconduct is alleged.

Contrary to Wrice's contention, *Wearry v. Cain*, 136 S. Ct. 1002 (2016), did not change the law with regard to the *Brady* standard of materiality in post-conviction proceedings. *Boyd v. Quintana*, No. 17-6276, 2018 U.S. App. LEXIS 19633, at *4 (6th Cir. July 16, 2018) ("*Weary* merely discussed and clarified *Brady*.") *Id.* Indeed, *Wearry* discussed case law applying the narrower *Napue* standard, citing to *Giglio*, 405 U.S. at 154 ("the false testimony *could* . . . in any reasonable likelihood *have* affected the judgment of the jury . . . ."); as well as that applying the *Bagley* standard, citing *Smith v. Cain*, 565 U.S. 73, 75 (2012) ("evidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding *would have* been different."). *Wearry,* 136 S. Ct. at 1006. However, the court did not even note the distinction between cases using "could have" and "would have" and certainly did not indicate a change in the law.

*Wearry* quoted, but did not apply, the "could have" standard used in perjury cases. *Id*. The *Wearry* opinion was based on a finding that "confidence in the verdict" was undermined. *Id*. This language comes from *Kyles v. Whitley*, which rephrased the *Bagley* materiality standard as whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." 514 U.S. 419, 435 (1995). That the court cited this language in abbreviated form is of no consequence. There has been no change in the applicable standard in a *Brady* criminal case since *Wearry* was decided in 2016. As evidenced by a more recent post-conviction case, *Turner v. United States*, *Brady* materiality still requires "a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." 137 S. Ct. 1885, 1893 (2017).

**II. Wrice's proposed instruction is not a proper statement of the law.**

Wrice's challenge to the pattern instruction, and consequently *Bagley* and its progeny, is that the phrasing somehow requires a party to prove a different result with absolute certainty, as opposed to a preponderance of the evidence. As Wrice has cited no precedent on this issue, he appears to be the first to contest the language "reasonable probability" as insufficient to convey that there is no need for absolute certainty.[4] The Supreme Court disagrees with Wrice's criticism, explaining, for purposes of a habeas corpus proceeding, "*Bagley*'s touchstone of materiality is a 'reasonable probability' of a different result, and the adjective is important." *Kyles*, 514 U.S. at 434.

Wrice's proposed instruction distorts the language of Supreme Court opinions in order to cast the law in a way that diminishes his burden of proof. Wrice proposes the following instruction:

Evidence is "material" if there is a reasonable probability that the evidence could

---

[4] Defendants proposed instruction 9A also does not take the position that absolute certainty is required, but that the "reasonable probability" standard should not be added to the existing preponderance of the evidence standard. In other words, Wrice must prove that, more likely than not, there would have been a different outcome.

>have affected the judgment of the jury or if the evidence undermines the confidence in the result of the criminal proceedings.

Pl. Proposed Jury Instruction No. 21, Dkt. 410-8 at 25. Wrice cites no case in which a similar instruction has been given. Moreover, Defendants were unable to find any Seventh Circuit precedent relying on Wrice's proposed definition ("reasonable probability that the evidence could have affected the judgment of the jury"), or even a portion thereof ("could have affected the judgment of the jury")[5].

Should the Court adopt Wrice's view, it would be dramatically changing the case law without support in precedent or logic. The first clause of Wrice's instruction appears to a be a paraphrase of the standard applied to prosecutorial misconduct in *Giglio,* 405 U.S. at 154. Not only is this standard not applicable in the *Brady* context, but it could never be applicable in any Section 1983 claim. *Giglio* phrased the materiality inquiry in terms of the effect on the "judgment of the jury." 405 U.S. at 154. However, while a nebulous reference to a jury's judgment might be an adequate benchmark for a habeas proceeding, it does not translate to a civil action. In a Section 1983 case such as this one, the issue is not what the jury was thinking, but what they decided that led to damages, i.e. incarceration. Here, materiality must be defined in reference to the outcome of the case, because that outcome is the basis for damages.

Moreover, Wrice's instruction manipulates the language of *Giglio* to give it a more favorable meaning. Wrice changed the language "could . . . in any reasonable likelihood have affected the judgment of the jury," *Giglio*, 405 U.S. at 154, to "a reasonable probability that the evidence could have affected the judgment of the jury." Dkt. 410-8 at 25. The juxtaposition of "could" and "in any reasonable likelihood" is important, as the latter phrase defines what is meant

---

[5] In *Avery v. City of Milwaukee*, 847 F.3d 433, 441, 441 n. 5 (7th Cir. 2017), the Seventh Circuit quoted a Sixth Circuit decision containing the phrase "could have affected the judgment of the jury" in a footnote regarding the viability of a fabrication claim.

6

by "could." *Giglio*, 405 U.S. at 154; *see also Wearry*, 136 S. Ct. at 1006 (phrasing as "reasonable likelihood it could"). Substituting "would" for "could" in the *Giglio* standard would not affect its meaning, as the key phrase is "in any reasonable likelihood." However, by rearranging the words and placing the word "could" in a separate clause, Wrice has stacked probability upon probability. Wrice's version would have the jury considering the probability of possibly affecting the judgment of the jury, rather than the probability of an actual effect on the jury's judgment, as required in *Giglio*. Thus, not only does Wrice attempt to apply a materiality standard inapplicable to this case, but also misleadingly alters the language so that it no longer reflects the precedent upon which it relies. The first clause of Wrice's proposed instruction must be rejected.

The second clause of Wrice's instruction fairs no better. This language is excerpted from *Kyles*, 514 U.S. at 435, a *Brady* case. The full quote is "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. Wrice's truncated version of this statement, omitting key language regarding "put[ting] the whole case in such a different light," does not accurately state the standard.

In addition, Wrice's phrasing of the standards in the alternative -- as though the failure to meet one standard could still lead to a finding of materiality -- is highly improper. There is absolutely no reason to confuse the jury with multiple standards phrased in the disjunctive. This is particularly true of an instruction which mingles the distinct standards applicable to subornation of perjury and *Brady*, as Wrice's does.

Finally, Wrice's proposed instruction should be rejected as it is unnecessarily complex and vague. *United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001) ("[i]t is best to keep the instructions concise," to keep the jury's attention). The jury will be left wondering what is meant by the jury's "judgment" and how they should determine whether a conviction was "undermined." In contrast,

defendants instruction number 9 and alternative instruction number 9A are each concise statements of law and provide the jury with a concrete point of reference for judging materiality, whether "the result in the criminal proceeding would have been different if the evidence had been disclosed."

### III. Defendants propose a modification of Pattern Instruction 7.14, removing the qualifier of "reasonable probability."

As this Court noted, Committee Comments to the Seventh Circuit Pattern Jury Instructions indicate that the law with respect to the materiality requirement in a Section 1983 case is "still in development" and "the Court should examine this point further before instructing the jury." Transcript of proceedings on February 19, 2020 at 4:14-18 *(citing* pattern instruction 7.14, comment e). While the Committee drafting the pattern instructions took into account existing precedent (including all Supreme Court precedent upon which Wrice relies), it did not have the benefit of the recent Seventh Circuit case of *Goudy*, which was decided in 2019. 922 F.3d at 842.

The Supreme Court has not addressed the proper materiality standard to be applied in a Section 1983 civil action. In *Goudy*, the Seventh Circuit signaled that courts and parties addressing materiality should directly address whether the standard for materiality in criminal habeas corpus proceedings is even applicable in a Section 1983 civil rights case. *Id*. The *Goudy* opinion flagged but did not resolve this issue stating: "[n]o one has argued that this standard is different in a case under section 1983, such as this one, from the standard that applies in habeas corpus actions. We therefore do not explore that possibility." *Id.* This comment recognizes that in the past the Seventh Circuit has assumed, rather than answered, this threshold question. Thus, prior opinions applying the criminal standard of materiality, without analysis of its applicability in a civil action, are not controlling on this issue. To the contrary, a comparison of actions pursuant to habeas corpus and Section 1983 shows that the Supreme Court standard of materiality developed in habeas litigation is not applicable to Section 1983 claims. Accordingly, defendants propose a modified version of

Pattern Instruction 7.14, Defendants' Instruction No. 9a, which requires that materiality, like all other factors in this Section 1983 case and in civil cases generally, be demonstrated by a preponderance of the evidence. *See* Plaintiff's Proposed Instruction No. 18, 410-8 at 22 (proposing pattern instruction 1.27: "BURDEN OF PROOF When I say a particular party must prove something by 'a preponderance of the evidence,' or when I use the expression 'if you find,' or 'if you decide,' this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.")

While the Seventh Circuit has referred to the habeas corpus materiality standard in Section 1983 actions, it appears to have done so without so holding, i.e., without considering whether this criminal standard actually applies in a Section 1983 case. Wrice's brief recognizes there is a gap in the Seventh Circuit's reasoning, and attempts to close it by egregiously mischaracterizing *Goudy* as "acknowledging that the materiality standard under section 1983 *is the same* as in habeas corpus actions." However, *Goudy* expressly stated that this issue was not before the court and not being decided: "No one has argued that this standard is different in a case under section 1983, such as this one, from the standard that applies in habeas corpus actions. We therefore do not explore that possibility." *Id*. at 842. Thus, the court left for another day the issue of whether the materiality standard for a habeas corpus proceeding is applicable to a Section 1983 action. *Id.*

Wrice's burden of proving the cause of his alleged injury by a preponderance of the evidence should not be diminished or confused by adding a layer of uncertainty with the phrase "reasonable probability." Wrice's due process claim "has two essential elements: (1) the defendant ... engaged in ... misconduct (2) that caused a deprivation of the [Wrice's] liberty." *Armstrong v. Daily*, 786 F.3d 529, 551 (7th Cir. 2015). Section 1983 liability requires proof that the alleged misconduct was " the 'cause-in-fact' of the injury, *i.e*., 'the injury would not have occurred absent

9

the conduct.'" *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). Like all elements of Wrice's claim, causation must be proven by a preponderance of the evidence.

The pattern instruction erroneously imposes a lesser standard of proof on the causation element. The "reasonable probability standard for materiality . . . is less rigorous than a preponderance of the evidence standard." *Goudy*, 922 F.3d at 842. (ellipses original). The different standards are explained by the different objectives of a petition for writ of habeas corpus and a civil action for damages. A writ of habeas corpus is issued when a conviction is "called into question" justifying further criminal proceedings to resolve the validity of a conviction. *Heck v. Humphrey*, 512 U.S. 477, 487, (1994). A lower standard of materiality in a criminal case is justified by the fact that the incarceration is ongoing. The *Bagley* standard gives a prisoner "the benefit of both the presumption of innocence and the requirement of jury unanimity for conviction" applicable in the criminal context. *Osborne v. Dist. Attorney's Office,* 521 F.3d 1118, 1133-34 (9th Cir. 2008) *rev'd on other grounds,* 557 U.S. 52 (2009).

Wrice is no longer a criminal defendant, no longer incarcerated, and no longer deserving of the beneficial presumptions of the *Bagley* standard. Reasonable probability has no place in a Section 1983 claim for damages which must always be proven by at least preponderance of the evidence. *Cf. Porter v. White*, 483 F.3d 1294, 1306 (11th Cir. 2007) (requiring proof of culpability because "no-fault standard of care *Brady* imposes on prosecutors in the criminal or habeas context has no place in a §1983 damages action against a law enforcement official in which the plaintiff alleges a violation of due process") The issue in a Section 1983 claim is whether the conduct was "material enough to have caused a wrongful conviction." *Whitlock v. Brueggemann*, 682 F.3d 567, 586 (7th Cir. 2012).

Any deviation from the pattern instruction must recognize the inherent error in applying

10

any criminal standard for materiality in a civil action, and the jury should be instructed accordingly, to wit: "Evidence is 'material' if the result in the criminal proceeding would have been different if the evidence had been disclosed." Defendants' Proposed Instruction 9A, Exh. A. This instruction resolves the issue identified in *Goudy,* in accordance with Supreme Court precedent, and prevents jury confusion as to what constitutes a "preponderance of evidence of a reasonable probability" that defendants conduct caused Wrice's conviction.

WHEREFORE, for the reasons stated herein, defendants respectfully request that this Court reconsider its order and reject the definition of materiality proposed by Wrice, and instruct the jury in accordance with the definition in defendants instruction No. 9A, or in the alternative defendants instruction No 9.

Date: February 24, 2019

Respectfully submitted,

By: /s/ Andrew M. Hale
One of the Attorneys for Defendants John Byrne and Peter Dignan

Caryn L. Jacobs
Managing Deputy Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle Street, Room 600
Chicago, Il 60602

Andrew M. Hale
Scott Jebson
Amy A. Hijjawi
Jennifer Bitoy
HALE & MONICO LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on February 26, 2020, I electronically filed *Defendants' Motion to Reconsider Court's Ruling on Wrice's Proposed Non-Pattern Jury Instruction Defining Materiality* with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

/s/ *Andrew M. Hale*