UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY WRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 5934 |
| | ) | |
| -vs- | ) | The Hon. Harry D. Leinenweber |
| | ) | |
| City of Chicago, *et al.*, | ) | Magistrate Sheila Finnegan. |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO BAR ANY ARGUMENT (1) THAT EITHER BANKS' OR BENSON'S ALLEGED ABUSE WAS CONCEALED (BRADY); (2) THAT FOWLER OR HOLMES WERE ABUSED OR THAT THEIR ALLEGED ABUSE WAS CONCEALED (BRADY); AND (3) THAT DEFENDANTS WERE ACCUSED OF OR ENGAGED IN ANY ABUSE OR OTHER MISCONDUCT PRIOR TO WRICE'S CRIMINAL CASE, AND FOR CURATIVE INSTRUCTIONS**

Defendants, John Byrne and Peter Dignan, by their attorneys, respectfully move this Court to bar any argument during closing that (1) either Gregory Banks' or Rodney Benson's alleged abuse was concealed (*Brady*) from Wrice; (2) Fowler or Holmes were abused and that their alleged abuse was concealed (*Brady*); and (3) defendants were accused of or engaged in any abuse or other misconduct by any suspects prior to Wrice's criminal case. There is no admissible evidence in the trial record supporting any such argument, and the arguments made during closing, even if stricken, would be unduly prejudicial to defendants. In support of this motion, defendants state:

**Gregory Banks**

Gregory Banks was allowed to testify live at trial that in October of 1983—five months **after** the trial of Stanley Wrice—he engaged in a life-or-death fight with a man; shot and killed that man; and was convicted of the murder. He further testified that defendants beat and bruised him (presumably, his battle with his victim left him unscathed), leading to the vacation of his

murder conviction. Because this occurred **after** the criminal trial at issue in this case, the Court has acknowledged/ruled that Banks has not been admitted in support of *Brady* claim because the evidence did not exist at trial:

> So [the Banks' testimony is] not -- **it's not evidence of *Brady***, but it's evidence that the *Brady* evidence [] is more likely true than not true.

Wrice v. Byrne, February 21, 2020 Trial Transcript, Volume 2, 246:8-10 (emphasis added). Thus, the Court allowed the Banks' testimony not as evidence of *Brady* but as corroboration of Wrice's claims that he and others were abused.[1]

Wrice therefore cannot argue to this jury that the Banks' allegations were concealed from him (indeed they did not exist) at the time of his trial, and the jury must be instructed that it cannot consider Banks' testimony as evidence in support of Wrice's "Concealment of Evidence" (*Brady*) claim.

**Rodney Benson**

Likewise, the Court must acknowledge/rule that Benson is not a *Brady* witness because his allegations were known to Wrice *in full* and *in detail* prior to his trial. As Wrice admits:

> First, **it is true that prior to Plaintiff's trial, he knew that Rodney Benson had alleged physical abuse** by Dignan and Byrne with the use of a flashlight and black, rubber hose object (just like Wrice) in an abandoned room of Area Two (just like Wrice). **Indeed, Wrice and Benson's motions to suppress were litigated together** before Benson entered into a plea-deal with the State whereby he pled guilty in exchange for a sentence of probation after Wrice's trial.

(Plaintiff's Motion For Clarification Regarding This Court's Ruling On Motion *In Limine* #1, Dkt. #513 at 2). Thus, Wrice has plainly never intended to offer Benson's testimony as *Brady* evidence; he intended to offer it only to corroborate his own allegations of abuse.

---

[1] Defendants continue to assert that this is inadmissible propensity proof in clear violation of Fed. R. Evidence 404(b). It was also unduly prejudicial, especially given its lack of admissible evidentiary value. That is the case with all of the matters discussed in this motion.

2

Moreover, the suppression hearing transcript consumed over eight hundred and eighty pages over six days. Justice Lampkin's testimony establishes there was a joint suppression hearing for Benson and Wrice; Wrice and his counsel were present at the hearing; and Wrice heard all of Benson's testimony before he himself testified. (see Plaintiff's Exhibit 40; see also Wrice v. Byrne, February 25, 2020 Trial Transcript, Volume 4 at 867:7-14; 868:1-15; 870-71). It is thus indisputable that Wrice had actual knowledge of Benson's allegations prior to his trial.

As this Court itself has held and as is black letter law: That which is known cannot be suppressed. *Ruiz-Cortez v. City of Chicago*, , 11 C 1420, 2016 WL 6270768, at *15 (facts known to a criminal defendant "do not need to be disclosed because their nondisclosure would not be considered suppression under *Brady*"); see also *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002). Wrice cannot argue to this jury that the Benson allegations were concealed from him as a matter of fact and law and the jury must be instructed that it cannot consider Benson's testimony as evidence in support of Wrice's "Concealment of Evidence" (*Brady*) claim.

**<u>Michael Fowler and Lee Holmes</u>**

Despite repeated, argumentative references to Fowler and Holmes and their purported abuse allegations by Wrice's counsel in her examinations[2] of Justice Lampkin and Sydney Jones—indeed, this Court itself remarked that her questions were akin to the patently impermissible "do

---

[2] See e.g., Vol. 4 at 872:14-19:

BY MS. BONJEAN:

> Q. Ms. Lampkin, isn't it true that Lee Holmes also made a complaint about being beaten with the rubber hose and that complaint was made a day -- while he was still actually in custody?
> A. I have no knowledge of that.

See also, Sydney Jones Examination, Vol. 3, 533:11-17; 534:3-6; 535.

3

you beat your wife"[3] line of questioning—Wrice offered *zero* competent and admissible evidence that either of Fowler or Holmes had been abused at all, much less by defendants. Mr. Holmes is dead and never was deposed, so he obviously gave no testimony of abuse in this case. And while plaintiff actually played snippets of Fowler's deposition, he did not play one word of a claim that Fowler was abused. Because he offered no admissible evidence of purported abuse by Fowler or Holmes, Wrice cannot argue to this jury either that Fowler and Holmes were abused or that their allegations were concealed from him (in the *Brady* claim).

Furthermore, the jury must be instructed that it should disregard any references to purported abuse of Fowler and Holmes in Ms. Bonjean's questions, that such references are not evidence, and that it cannot consider third-party references of abuse as evidence in support of Wrice's "Concealment of Evidence" (*Brady*) claim or any other claim Wrice asserts.

And because of the taint of Wrice's improper questions, the jury must be further instructed that the only evidence it may consider in connection with Wrice's "Concealment of Evidence" claim is the testimony of Alonzo Smith.[4]

**No Evidence of Any Allegations of Abuse Against Defendants Prior To Wrice Case**

In connection with other allegations of abuse, Wrice's counsel represented in her opening statement that "**These officers, you are going to hear, had done this previously**. This was not just an isolated case. It wasn't just a unique case." Wrice v. Byrne, February 20, 2020, Volume 1 at 120:5-7. Wrice presented **zero** admissible evidence that any allegations of abuse or other misconduct were made against Byrne or Dignan at any time prior to the Wrice case. As such,

---

[3] See Vol. 4 at 904:4-5: THE COURT: Well, it's sort of a beating your wife type --

[4] Defendants reiterate that Alonzo Smith's allegations were not admissible at Wrice's criminal trial (as extensively briefed and argued) and therefore should not have been admitted here.

4

Wrice should be barred from arguing in closing that Byrne and Dignan allegedly engaged in any abuse of or other misconduct against any suspect prior to Wrice's case.

*****

In addition to above, the Court cannot ignore that none of the men at issue here fit Wrice's alleged pattern of coercing innocent African American men into confessing to crimes they did not commit. As Wrice's counsel defined Wrice's alleged pattern in her opening statement:

> These officers, you are going to hear, had done this previously. This was not just an isolated case. It wasn't just a unique case. This was part of a practice that they used back in 1982, and **to coerce specifically African American men into** committing –**into admitting to crimes they did not commit** by using these terrible tactics.

Wrice v. Byrne, February 20, 2020, Trial Transcript, Vol. 1 at 120:5-11. But Banks admitted he shot and killed the victim in a drug deal gone bad, Benson admitted he had "sex" with Karen Byron, Fowler admitted he "choked" Karen Byron. And there is no evidence whatsoever that Holmes was innocent; to the contrary, he pled guilty. Indeed, Wrice's entire theory here is that all of these young teenage co-defendants of his committed the horrible crimes against Karen Byron, not him. That the Court is allowing Wrice to present this theory, while at the same time, allowing him to admit any allegations from these admittedly guilty men to corroborate Wrice's claim that defendants engaged in a pattern of framing innocent African American men has no basis in law or logic.

WHEREFORE, Defendants John Byrne and Peter Dignan respectfully request that the Court:

(i) bar Wrice from arguing that the allegations of Banks, Benson, Fowler and Holmes are evidence of the concealment of evidence (*Brady*);

(ii) bar Wrice from arguing that Fowler and/or Holmes alleged they were abused;

(iii) issue curative instructions addressing the issues raised in this motion; and

(iv) bar Wrice from arguing that defendants had abused any suspects or otherwise engaged in any misconduct toward suspects prior to Wrice's criminal case.

Date: March 1, 2019 Respectfully submitted,

By: /s/ Andrew M. Hale
One of the Attorneys for Defendants John Byrne and Peter Dignan

Caryn L. Jacobs
Managing Deputy Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle Street, Room 600
Chicago, Il 60602

Andrew M. Hale
Scott Jebson
Amy A. Hijjawi
Jennifer Bitoy
HALE & MONICO LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL  60604

**CERTIFICATE OF SERVICE**

I, Anne M. Erickson, an attorney, hereby certify that I filed the attached document on the date stamped in the above margin, with the Court's CM/ECF system, which sent electronic copies of the same to all counsel of record.

                                                          /s/ Anne M. Erickson